411 So.2d 952 (1982)
Collins SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 81-715.
District Court of Appeal of Florida, Second District.
March 26, 1982.
Kenneth C. Glover, Lakeland, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant pled nolo contendere to charges of possession of a controlled substance with intent to sell or deliver, possession of narcotics paraphernalia, and carrying a concealed firearm. He reserved the right to appeal the denial of his motion to suppress evidence.
At the hearing on the motion to suppress, Detective Street of the Lakeland Police Department testified that he received a telephone call from a confidential informant *953 who told him that two black males would be leaving the north side of Lakeland in a 1977 278 Gran Prix with a gray body and a red top. The informant said that the two men were headed toward Bartow and that they were carrying cocaine with them. Street testified that he had used the confidential informant "quite a few times" in the past on drug cases and gambling cases and that the informant had always been reliable. Following his conversation with the informant, Street immediately put out a BOLO containing the reported information.
Approximately ten to fifteen minutes after hearing the BOLO, Officer Korn stopped a car travelling south on the Bartow highway near the Lakeland city limits which met the informant's description. Appellant was one of the occupants. Korn notified Detective Street and held the vehicle pending Street's arrival. When Street arrived about thirty seconds later, he ordered the men out of the car, searched it, and found cocaine. The remaining items which appellant sought to suppress were discovered during a subsequent inventory search.
Appellant contends that the police did not have probable cause to search his automobile because the informant's tip failed to meet the requirements of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). He correctly posits that they only had a right to search his car if they could have legally obtained a warrant based upon the information known to them at the time. He is also correct in his assertion that the tip did not fully measure up to the standards of Aguilar and Spinelli because there was no showing of how the informant obtained access to the information he was imparting to the police. However, appellant fails to reckon with the rationale of Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).
In Draper, the government's confidential informant did not tell how he had obtained his information, but he reported that Draper would be travelling to Denver by train with some heroin in his possession on one of two specified mornings and described with particularity the clothing that Draper would be wearing upon his arrival at the station. The Supreme Court upheld Draper's arrest on the premise that since the law enforcement officers had corroborated so many details of the tip, it was reasonable for them to believe that the unverified portion relating to Draper's possession of heroin was also true. Draper predated Spinelli, but in the Spinelli opinion, the Court explained how in some cases the application of the Draper doctrine can serve to make a confidential informant's tip valid for purposes of proving probable cause when the tip would otherwise fall short under Aguilar and Spinelli. Thus, in Spinelli the Court said:
In the absence of a statement detailing the manner in which the information was gathered, it is especially important that the tip describe the accused's criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.
The detail provided by the informant in Draper v. United States, 358 U.S. 307, 3 L.Ed.2d 327, 79 S.Ct. 329 (1959), provides a suitable benchmark.
393 U.S. at 416, 89 S.Ct. at 589, 21 L.Ed.2d at 644.
In the present case, the informant gave Officer Street precise information concerning the description of the vehicle and its occupants, the place where they would be, and the time when they would be there. The police were able to verify these details in every particular. Thus, it can be reasonably inferred that the informant gathered his information in a reliable way. Accordingly, the court could properly conclude that the police had probable cause to stop and search appellant's automobile.
AFFIRMED.
SCHEB, C.J., and SCHOONOVER, J., concur.