PER CURIAM.
This cause is before us on appeal of appellant’s motion to suppress evidence and subsequent conviction for possession of cocaine. Originally, this court was not supplied with a complete record of the evidence before the trial court at the suppression hearing. Appellant’s main brief purported to summarize testimony of officers concerning appellant’s activities, described as “shaking hands,” during the officers’ surveillance of appellant. The State did not dispute that summary and description of the evidence. After this court ordered the depositions submitted at the suppression hearing, however, we discovered that one of the surveilling officers testified that she definitely saw appellant “hand passing” something to numerous persons. This witness specifically testified that appellant was not just shaking hands. There was also testimony that the confidential informer told the officers exactly where on appellant’s person the cocaine would be found. Thus, consideration of the entire record before the trial court at the suppression hearing shows that the court did not err in denying the motion. Accordingly, we affirm the conviction.
BOOTH, WIGGINTON and ZEHMER, JJ., concur.