524 So.2d 1136 (1988)
Lee Roy HOPKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-84.
District Court of Appeal of Florida, First District.
May 12, 1988.
Michael E. Allen, Public Defender, Marie Ines Suber, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., William A. Hatch, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Chief Judge.
Appellant, Lee Roy Hopkins, seeks review of the trial court's order denying his motion to suppress evidence seized pursuant to a warrantless search of his person, alleging that the search was conducted without probable cause.[1] We disagree and affirm.
On September 16, 1986, at 10:30 p.m., Officer Etheridge met with a confidential informant who told him that several individuals in the Frenchtown area were in possession of rock cocaine. The confidential informant was then equipped with a wireless transmitter and sent back into the 400 Block of Macomb Street. At 10:49 p.m., the confidential informant told the officer monitoring the electronic device that a black male wearing a red shirt, white shorts, and white sneakers was in possession of $50 worth of rock cocaine in the rear alley of Crump's at 421 North Macomb Street. Based on that information, Officers Etheridge and Adams went to the rear alley where they found only one individual (appellant) who fit the informant's description among the 20-40 people who were present. Etheridge came up behind appellant and then held him while Adams conducted a body search which resulted in the discovery of rock cocaine in the pocket of appellant's shorts. The search occurred at approximately 10:52 p.m.
*1137 The confidential informant was an informant for the Vice Section of the Tallahassee Police Department. During about a five-month period, the confidential informant had supplied Etheridge with information leading to the discovery of rock cocaine and subsequent arrests in approximately six cases. There was no set agreement with the confidential informant, but generally he would be paid a small fee for supplying worthwhile information.
The issue in this case is whether the officer had probable cause to search and arrest appellant. The same probable cause standard applies irrespective of whether a warrant was issued to conduct a search or effect an arrest. Whiteley v. Warden of Wyoming Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); D'Agostino v. State, 310 So.2d 12 (Fla. 1975). The present case involves a warrantless search and arrest of an individual predicated on information received from a confidential informant. The standard for determining probable cause based on such a tip is the "totality of the circumstances" test. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Although in Gates the court rejected the Aguilar-Spinelli two-pronged test, it also stated that the informant's veracity, reliability, and basis of knowledge are still highly relevant in determining the value of the tip.
In the present case, as proof of the confidential informant's veracity, Officer Etheridge testified that the confidential informant had provided him with reliable information about six times leading to the discovery of rock cocaine and subsequent arrests. He also stated that the confidential informant was an informant for the Vice Section of the Tallahassee Police Department and that the daytime vice investigators had permitted him to use this particular informant at night. The suggestion is that the relationship between the vice section and the informant was one of some duration, from which it can reasonably be inferred that the police officers would not have repeatedly accepted information and acted on it had the informant not proven by experience to be reliable. These facts are sufficient to support the conclusion that the confidential informant was a credible person.
In addition to evidence of the confidential informant's trustworthiness based on his past performance, the unique circumstances of this case also suggest his reliability. Here, the risk of falsehood was sufficiently diminished by the physical proximity of the police to the confidential informant and the confidential informant's presence in the vicinity at the time the tip was given. Since the confidential informant was wired, he knew the police intended to act immediately on his tip and that if he lied to them, they would discover it and be less likely to rely on him in the future.
The more problematic issue is the confidential informant's basis of knowledge, for he did not state that he personally observed the drugs in appellant's possession. However, the peculiar circumstances under which he tendered the information suggest that this is what happened. After telling Officer Etheridge that several persons were in possession of rock cocaine in Frenchtown, the informant was equipped with a wireless transmitter and sent back into the 400 Block of Macomb Street. The confidential informant knew that the police were on standby in the vicinity and would immediately act on his information. If he had relied on a secondary source, he would have unnecessarily risked destroying his cover and possibly have endangered his life. Investigator Dent received the tip at 10:49 p.m., and the officers searched appellant about three minutes later at 10:52 p.m. Since only three minutes elapsed, anyone supplying the confidential informant with the information could easily have identified him as the informant. In addition, in light of the small amount of drugs involved (which amount the confidential informant was able to identify) and their obvious mobility, it can reasonably be inferred that the confidential informant discreetly observed them in appellant's possession just before he gave the tip to the police.
In summary, from the above facts, it may reasonably be inferred that the information was obtained in a reliable way by a credible person, and that therefore the officers *1138 had probable cause to search and arrest appellant.
The argument presented by appellant is based on the assumption that the confidential informant's basis of knowledge is lacking and that, under the circumstances of this case, this defect cannot be cured by self-verifying details or partial corroboration by the police. The tip here describes a man's dress, his whereabouts, and the exact amount of drugs in his possession. The only self-verifying detail of any substance is the amount of the drugs, for the other two details were readily available to anyone in the vicinity and in no way suggest that the confidential informant had inside information. Likewise, the police officer's corroboration was limited exclusively to innocent details also readily available to the public at large. If there was nothing else to support probable cause, appellant's argument would be persuasive. However, given the additional and cumulatively unique circumstances of this case; i.e., the structured surveillance arrangement, the confidential informant's presence on the scene, and the extremely brief lapse of time between communication of the tip and the subsequent search, we conclude that a first-hand basis of knowledge reasonably can be inferred.
Accordingly, the trial court's order denying appellant's motion to suppress is AFFIRMED.
BOOTH and NIMMONS, JJ., concur.
NOTES
[1] After the trial court had denied appellant's motion, he pled nolo contendere to possession of cocaine, expressly reserving his right to appeal the pretrial ruling.