547 So.2d 183 (1989)
STATE of Florida, Appellant,
v.
Kenneth Melton EDWARDS, Appellee.
No. 88-02640.
District Court of Appeal of Florida, Second District.
June 9, 1989.
Rehearing Denied July 13, 1989.
*184 Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellant.
Richard D. Mars, Bartow, for appellee.
PARKER, Judge.
The state appeals an order granting Kenneth Edwards' motion to suppress cocaine seized from Edwards' vehicle. We reverse.
Sergeant Waldron of the Lake Wales Police Department received a telephone call from a confidential informant (CI).[*] The CI provided the officer with the following information. Kenny Edwards' black and gold pickup truck was at Ernie's, a local bar. Soon, Edwards' girlfriend, a white female, would drive the vehicle to the ABC Liquor Lounge. Then Edwards, who would be in possession of two eight balls of cocaine powder, would drive the truck from ABC.
This information was provided to Sergeant Levine, who was dispatched to Ernie's where he located the vehicle. Then Levine went near the ABC Lounge. A few minutes later, Levine observed a white female driving the pickup truck to the ABC. The CI then called Waldron and advised him that the pickup would leave the ABC Lounge in five minutes. Waldron relayed this information to Levine. Approximately five minutes later, Levine observed the vehicle leaving with Edwards driving.
Based on this information, Levine stopped the pickup and searched Edwards and the truck. Levine found a Tylenol bottle inside a litter bag, which was inside the truck. Upon opening the bottle, Levine discovered a plastic baggie containing white material which was determined later to be cocaine.
The state charged Edwards with possession of cocaine. Edwards filed a motion to suppress the cocaine, which the trial court granted. The trial court found that the arresting officer had a well founded suspicion to justify the initial stop but ruled that the officer lacked the necessary probable cause to arrest Edwards or to apply for a search warrant. We disagree.
The officer was justified in searching Edwards' truck without a warrant. The test to be employed in determining whether probable cause existed is the "totality of the circumstances" test set forth in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). This test is a flexible, common sense approach. Gates, 103 S.Ct. at 2332. In Gates the supreme court held *185 that the police had probable cause to search once they verified the details contained in an anonymous letter which provided information regarding future conduct. See also State v. Abiri, 539 So.2d 492 (Fla. 2d DCA 1989) (probable cause existed once officer verified detailed information provided by untested informant).
This case is similar to the facts of Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). In Draper an informant reported that Draper would arrive in Denver on a train from Chicago on one of two days and that he would be carrying heroin. The informant described Draper and the clothes that Draper would be wearing. On the stated date in Denver the officers observed a man matching the description and wearing the described clothing exit a train which arrived from Chicago. The supreme court held that the officers had probable cause to arrest Draper at this point. The court reasoned that since the officers personally verified all the information except one detail  that Draper would be carrying heroin  the police had reasonable grounds to believe that Draper did possess the heroin.
Applying the facts of the instant appeal to this law, the CI provided detailed information regarding Edwards' future conduct. The officer personally verified each fact except the final detail  that Edwards possessed cocaine. At this point, the officer had probable cause to search Edwards' truck. Further, a warrantless search was justified under the automobile exception to the warrant requirement. See Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).
Edwards argues that the reliability of the informant could not be determined because the court did not know the basis of the informant's knowledge. This court previously has rejected a similar argument. See Graham v. State, 438 So.2d 114 (Fla. 2d DCA 1983); Smith v. State, 411 So.2d 952 (Fla. 2d DCA 1982).
Finally, it is clear that the officer did not exceed the scope of the warrantless search of the truck in that the officer was justified in searching every part of the vehicle and its contents which may have concealed the object of the search. See United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).
Reversed and remanded for proceedings consistent with this opinion.
RYDER, A.C.J., and FRANK, J., concur.
NOTES
[*] The CI previously had given Waldron information concerning names and locations of drug suppliers and drug locations, but this information never served as the basis for a warrant.