549 So.2d 1119 (1989)
Tiffany Renee HOLMES, Appellant,
v.
STATE of Florida, Appellee.
No. 88-498.
District Court of Appeal of Florida, First District.
October 5, 1989.
Michael E. Allen, Public Defender, and Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff and Helen Nelson, Asst. Attys. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Tiffany Holmes pleaded nolo contendere to a charge of unlawful possession of cocaine in violation of section 893.13(1)(f), Florida Statutes (1987), reserving the right to appeal the denial of her motion to suppress. On this appeal she contends that the facts presented by the state were insufficient to establish the requisite probable cause to conduct the search and seizure *1120 without a warrant. Finding merit in her argument, we reverse.
Holmes was stopped by the police while driving an automobile registered to one Grover Fields. The police officers had received a tip from a reliable confidential informant (he had been used six to twelve times before and had given reliable information "probably five or six times") that a red Oldsmobile with tag number 771 AYN, parked at a certain location, was transporting a quantity of cocaine. The officer testified she could not remember if the informant called law enforcement or whether the police met him in person; that she did not recall the exact conversation; that the informant did not say how long the car had been at the described location and was not sure that it would still be there in the evening; and that the informant did not know where the drugs were located in the car and did not know who would be driving the car. The officer could not remember if the informant said he even saw the drugs and could not remember how the informant knew drugs would be in the car. The informant did not know appellant Tiffany Holmes and did not know what quantity of drugs were in the car.
About forty-five minutes after receiving the tip the police commenced observing the Oldsmobile. They checked the license plate identification and learned the vehicle was registered to Grover Fields, a suspected drug dealer. After some fifteen minutes, several unidentified persons got in the car and drove away. The police followed and stopped the vehicle based solely on the informant's tip. There was no traffic infraction or other reason for the stop. The police did not know who was in the car until after the vehicle had been stopped.
After stopping the car, the officers requested permission to search it but appellant refused to give her consent. All occupants were ordered out of the car and searched, but no weapons or drugs were found. The police then conducted a thorough search of the entire interior of the car, including the console and glove compartment areas and the trunk of the car, but did not find any weapons or drugs. Appellant's purse was located between the driver's seat and the console, and while appellant remained outside the car, her purse was searched. This search disclosed plastic straws that were subsequently tested and found to contain cocaine residue. This was the only illicit drug found, and it formed the basis of the charge of illicit possession of a controlled substance filed against appellant.
The court denied appellant's motion to suppress, stating that "the informant ... was himself reliable. The reliability of the information furnished by such informant is supported in some degree by the fact that the automobile described by the informant was, in fact, located in the area described by the informant." (R. 40.) The court, in accepting appellant's plea, recognized that the disposition of the motion to suppress would be dispositive of the case.
Appellant contends that the state failed to show, by the evidence of record, that the police had a reasonable articulable suspicion that criminal activity was afoot at the time they stopped appellant's car, and did not have probable cause to stop and search the vehicle or the purse as a consequence of the informant's "tip". She further argues that even if the police had a reasonable suspicion to stop the car and frisk the driver and occupants pursuant to section 901.151(2), Florida Statutes (1987), and Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), to do so exceeded the reasonable bounds permitted by the statute and Terry under the circumstances.
The state contends that the police clearly had probable cause to stop and search the car and appellant based on the tip received from the confidential informant; that the tip was corroborated by the police in finding the vehicle parked where the informant said it was located; that the car was registered to a known narcotics dealer frequently under investigation; that the police did not have an opportunity to obtain a search warrant; and that the "search of Appellant's purse revealed cocaine and paraphernalia." (Appellee's brief, p. 5.) The state argues that the "informant's tip provided the articulable suspicion to believe a *1121 crime was being committed" and that police verification regarding the description of the vehicle "provided probable cause to search the vehicle." (Ibid.) Further, the state contends, "Because the suspects were driving off, an exigency existed which obviated the need for a search warrant. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, reh'g. denied 400 U.S. 856, 91 S.Ct. 23, 27 L.Ed.2d 94 (1970). The interior of the vehicle was properly searched pursuant to the automobile exception to the warrant requirements," citing United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). The state disclaims that the search of the vehicle and the purse were made pursuant to the "stop and frisk" doctrine under Terry and the cited statute, maintaining instead that the police had probable cause and made the search under the "automobile exception" to the warrant requirement.
In view of the state's concession, we find it unnecessary to discuss appellant's stop and frisk argument. The validity of the search must stand or fall squarely on the existence of probable cause. We hold that the evidence adduced by the state was legally insufficient to establish the requisite probable cause. We realize that a tip from a reliable informant may form the basis of probable cause to conduct a search and seizure under the Fourth Amendment provided it is sufficiently detailed and is verified and independently corroborated by evidence other than by the fruits or information obtained as a consequence of the search. In the Interest of R.E., II v. State, 536 So.2d 1125 (Fla. 1st DCA 1988). See also, U.S. v. McBride, 801 F.2d 1045 (8th Cir.1986), cert. denied 479 U.S. 1100, 107 S.Ct. 1325, 94 L.Ed.2d 177 (1987); U.S. v. Gomez, 776 F.2d 542 (5th Cir.), reh'g denied 777 F.2d 701 (1985). However, the record in this case is wholly lacking in sufficient details to constitute probable cause. There is a total lack of information regarding the location of the alleged drugs in the automobile, a specific description of the drugs involved, a specific description of the appearance of the package or container for the drugs, or the source of the informant's knowledge reported to the police. In short, there is simply no evidence of how the informant came to the conclusion that the car would be transporting drugs (a conclusion later proven to be incorrect), and no evidence of independent corroboration. Finding the vehicle located where the informant said it would be is not sufficient corroboration that the vehicle was being used for an illicit purpose. As there was no probable cause for the police to search appellant, the car she was driving, or her purse found in the car, we reverse Holmes's conviction and remand this cause with directions to discharge appellant.
REVERSED AND REMANDED.
SMITH and BARFIELD, JJ., concur.