556 So.2d 790 (1990)
STATE of Florida, Appellant,
v.
Phillip BROWN, Appellee.
No. 89-01707.
District Court of Appeal of Florida, Second District.
February 9, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Kevin Briggs, Asst. Public Defender, Bartow, for appellee.
PER CURIAM.
The state appeals an order granting appellee Phillip Brown's motion to suppress cocaine. We reverse.
On December 8, 1988, a reliable informant advised a Lakeland detective that two people in the area of Fifth and Kettles Streets (a "high drug area") were selling rock cocaine. The informant described both persons, one male and one female, as well as the automobile they were using. He also gave the man's "street name" of "Playboy." The detective testified that appellee Brown was known to employ this pseudonym. Soon thereafter the police located a vehicle matching the description and containing three subjects. Because the car's windows were tinted it was not until after stopping it that the officers confirmed that appellee and a woman matching the informant's description were inside. The officers apprised appellee of the reason for the stop and indicated they would perform a pat-down search. Appellee said, "Fine. I don't have any drugs on me." Inside his jacket pocket was a pill bottle containing cocaine residue.
We find this case indistinguishable in principle from State v. Edwards, 547 So.2d 183 (Fla.2d DCA 1989). In both instances the detention and subsequent search of the suspect's vehicle was based upon a proven informant's detailed information. We found in Edwards, and we find here, that once the police verified all but the "final detail" of the informant's tip they had probable cause to arrest and thus to search.
Reversed for further proceedings consistent with this opinion.
FRANK, A.C.J., and THREADGILL and PATTERSON, JJ., concur.