566 So.2d 50 (1990)
STATE of Florida, Appellant,
v.
Sandra Denise FLOWERS, Appellee.
No. 90-00454.
District Court of Appeal of Florida, Second District.
August 24, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Andrea Norgard, Asst. Public Defender, Bartow, for appellee.
PER CURIAM.
This is an appeal from the trial court's order suppressing cocaine taken from Sandra Flowers by the police as well as suppressing *51 statements she made. The issue is whether a tip received by the police from a known and reliable confidential informant [hereinafter C.I.] provided sufficient probable cause to arrest and search the appellee. The trial court held that it did not. We disagree and reverse.
Detective Bruno of the Lakeland Police Department received a telephone call from a C.I. who was known to the detective to be reliable and with whom he had worked since 1985. In the past, this C.I.'s information had led to numerous arrests and convictions. The C.I. told Detective Bruno that the C.I. had just observed a woman named Sandra inside a parked green Oldsmobile Cutlass and that she was in possession of cocaine. The C.I. gave the address where the car could be found, the tag number of the car and where on the woman's body the cocaine could be found. The detective and another officer went immediately to the address given by the C.I. where they saw the appellee in the situation described by the C.I. They took her into custody and a search of her person done at the police station by female officers resulted in finding a cocaine rock where the C.I. had said it would be. Based on this find, the appellee was charged with possession of cocaine with intent to sell or deliver.
In the pretrial proceedings, the appellee moved to suppress the cocaine and the statements she made at the time of her arrest. After hearing the circumstances of the arrest as we have outlined them above, the trial court granted the motion to suppress. We reverse.
In situations where the police rely upon known and reliable informants to aid them in detecting crime, as long as the information is sufficiently detailed and the police can verify the details except for the final one of the commission of the crime, the detention and search based upon this information will be upheld because probable cause will have been furnished. State v. Brown, 556 So.2d 790 (Fla. 2d DCA 1990), and State v. Edwards, 547 So.2d 183 (Fla. 2d DCA 1989). The details of the tip in the case before us are easily as detailed, if not more so, than in Brown and Edwards. The police had probable cause here to arrest and search the appellee, and her motion to suppress should have been denied.
Reversed and remanded for further proceedings.
SCHOONOVER, C.J., and DANAHY and FRANK, JJ., concur.