PARKER, Judge.
Reginald Bristol appeals his judgment and sentence for trafficking in cocaine. Bristol pleaded no contest and reserved his right to appeal the denial of his motion to suppress the evidence. We reverse.
The following facts were presented at the hearing on the motion to suppress the evidence. Officer Terry Naumann, of the Clearwater Police Department, was informed by her sergeant that a car, owned by Gilbert Phipps and driven by Andre Blanchard, had been stolen. When Officer Naumann spoke to Phipps, whom she knew and considered reliable, Phipps told her that “Polo” had “jacked” his car by holding Blanchard at gunpoint. Officer Naumann knew “Polo” to be a black male, but she did not know his legal name and did not have a description of him. When the officer asked Phipps how to find “Polo,” Phipps told the officer that “Polo” associated with guys that drove around in a red over white long Cadillac from St. Petersburg. Phipps was vague about the relationship between “Polo” and the occupants of the Cadillac. The officer was not given the year, model, or license tag number of the described vehicle. She thought she was told the car had a paper license tag, but she was not certain. Someone told Officer Naumann that the vehicle’s occupants made drug deliveries at Pennsylvania Park; however, she admitted she was not sure who had given her that information.
Naumann saw a Cadillac matching the description on Greenwood Avenue, and she followed it in her marked car for two miles through Pennsylvania Park. The officer then stopped the vehicle even though she did not observe any traffic violations. The Cadillac pulled over without incident, and Bristol, the driver, produced his driver’s license upon request.
Officer Naumann asked Bristol to step out of the car, and he complied. Officer Naumann patted down Bristol around his waist. Officer Naumann could point to no *1088 articulable suspicion that Bristol was armed other than to state that people from St. Petersburg who deliver drugs always carry guns. She asked Bristol if he had anything illegal on him, and he replied in the negative. When the officer asked if he would mind if she checked, Bristol began emptying his pockets. Bristol produced $2,280 in cash from his pocket. Officer Slack, the backup officer, then found a bag of cocaine lying on the pavement under the car.
Bristol filed a motion to suppress which the trial court denied. We conclude that this motion to suppress should be granted.[1]
Police may stop and detain an individual based upon information provided by a known and reliable informant when the information is sufficiently detailed. State v. Flowers, 566 So.2d 50 (Fla. 2d DCA 1990). In State v. Brown, 556 So.2d 790 (Fla. 2d DCA 1990), a reliable informant advised a detective that a male and a female in the area of Fifth and Kettles Streets were selling rock cocaine. The informant described the people and the automobile they were using and provided the man’s street name. The detective testified that Brown was known to employ this name. The police located the vehicle and, after stopping the vehicle, confirmed that Brown and a woman matching the informant’s description were inside. This court held that, because the police verified all but the “final detail” of the informant’s tip, there was probable cause to arrest Brown and that the detention and subsequent search of the vehicle was based upon a proven informant’s detailed information.
Officer Naumann in this case knew only that a suspect in a robbery/auto theft was a black male nicknamed “Polo” and that he associated with people who drove around in a red over white Cadillac. This information furnished by Phipps, whom the officer considered reliable, was not sufficiently detailed to provide the required probable cause to detain and search Bristol.
Officer Naumann’s suspicions concerning drug activity by the Cadillac’s occupants in Pennsylvania Park were based on information provided by an unknown source and could not be corroborated by additional facts, with the exception the vehicle drove through Pennsylvania Park. A law enforcement officer is not justified in stopping every individual or vehicle possibly meeting a vague description furnished by an anonymous informant. State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979), approved, 387 So.2d 963 (Fla.1980). In Hetland, an anonymous caller advised sheriff’s officers that a man named Robert Hetland was on his way to Chevy’s Bar to shoot someone. The caller fully described Hetland by his race, height, hair, beard, mustache, clothing, and a description of the gun he was carrying. The officer proceeded to the bar, found Hetland who answered to his name, matched the description, and carried a revolver in the waistband of his pants. Unlike in Hetland, the unidentified source in the instant case did not provide detailed information carrying enough indi-cia of reliability to permit Officer Naumann to stop a Cadillac, pat-down the driver, and seek to search him.
Therefore, since the information provided by Phipps and by the unknown source was not sufficiently detailed, the investigatory stop of the Cadillac was justified only if Officer Naumann had a founded suspicion that a person in the vehicle had committed, was committing, or was about to commit a crime. See Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984). Bare suspicion is not sufficient, and the officer’s suspicion must be based upon observed facts interpreted in the light of the officer’s knowledge, training, and practical experience. Wilhelm v. State, 515 So.2d 1343 (Fla. 2d DCA 1987). In the instant case, Officer Naumann testified she observed no traffic infractions and no furtive movement. The record does not reflect that Officer Naumann had a founded suspicion that a person in the Cadillac had committed, was committing, or was about to *1089 commit a crime. Thus the investigatory detention was unlawful, and the evidence seized therefrom should be suppressed. See Ottney v. State, 571 So.2d 20 (Fla. 2d DCA 1990).
Based upon the above, we reverse and remand with directions to the trial court to enter an order granting the motion to suppress the evidence.
Reversed and remanded.
LEHAN, A.C.J., and PATTERSON, J., concur.

. Although the motion to suppress included an allegation and argument to suppress a confession, we do not need to reach that issue based upon our conclusion concerning the seizure of the cocaine.