RYDER, Judge.
David E. Miller contests the trial court’s order denying his motion to suppress. Miller alleged in his motion to suppress that law enforcement lacked probable cause to search his vehicle. Because the search was improper, we reverse.
At the hearing on the motion to suppress, Officer Timothy Ryan of the Lake-land Police Department testified that around 8:50 a.m. on January 18, 1989, he received a telephone call from a woman who claimed to be Jenny Miller, David Miller’s wife. She claimed that Miller had just beaten her up very badly and that he was on his way to Lakeland with two to five ounces of methamphetamine or “crank.” She provided him with a description of the Ford van, its license plate number, his general destination and Miller’s full name and physical description. She also advised that his driver’s license was suspended. She gave the officer her telephone number which he redialled, and the female who answered acknowledged being Jenny Miller. She gave him several unspecified possible locations and further stated that she had seen the methamphetamine before he left the residence. He sent out a BOLO on the van to the Lakeland Police Department and the Polk County Sheriff's Office.
Officer Eugene Pennell of the Polk County Sheriff’s Office testified that he looked for the van with Special Agent Hammerberg. Hammerberg told him that he had received information that Miller was driving to Lakeland. Pennell did not seek assistance from the Lakeland Police Department, and made no effort to confirm the telephone number from which Hammer-berg had received a call. He and Hammer-berg saw a van that matched the description and tag number turn into a convenience store. He observed no traffic violation. They ran up to the van, opened the door and got Miller out. They searched his person. They found no drugs on him but did find approximately $5,000.00. Miller advised that the money came from a social security disability check.
Agent Hammerberg testified to receiving a call from a female identifying herself as Virginia Miller. He had never spoken with her before; she could have been anybody. She was a totally unidentified informant. He had been given the same general information as Ryan. He and Pennell located the vehicle. They told Miller that they had received information that he was transporting crystal methamphetamine. They then questioned and searched Miller. They searched the van and found methamphetamine in a pouch next to the driver’s area. Hammerberg stated that the fact that Miller did not have a driver’s license is in and of itself a basis for the stop. Hammerberg had no contact with the Lakeland Police Department between the time he received the information and the time of the arrest. After the arrest, he discovered that she had actually made a report of the beating to Hillsborough County authorities. He later became aware that other officers of the Polk County Sheriff's Department were looking for appellant, and he then contacted the sheriff’s office.
*1353 No attempt was made to verify whether Miller had a valid driver’s license prior to removing him from his vehicle and searching him and his vehicle. There was no contention that an arrest occurred for driving with a suspended license.
The trial judge concluded that “the information furnished by the informant to the police was legally sufficient as the basis for probable cause to search defendant’s vehicle” and entered an order denying the motion to suppress. Miller pleaded no contest, reserving the right to appeal. The state stipulated that the denial of the motion was dispositive.
The police may stop and detain an individual based upon information from a known and reliable informant when the information is sufficiently detailed. State v. Flowers, 566 So.2d 50 (Fla. 2d DCA 1990). Although Officer Ryan knew Jenny Miller’s • telephone number from a previous investigation, he had not utilized her as a confidential informant. Moreover, Officer Ryan’s knowledge concerning Mrs. Miller was not relayed to the arresting officers Pennell and Hammerberg. Officer Ham-merberg failed to verify the telephone call he received. The cases cited by the trial court involve reliable and proven informants. See State v. Brown, 556 So.2d 790 (Fla. 2d DCA 1990); State v. Edwards, 547 So.2d 183 (Fla. 2d DCA 1989). There must be corroboration of an anonymous tip. Robinson v. State, 556 So.2d 450 (Fla. 1st DCA 1990).
There must be independent evidence of criminal activity apart from the otherwise verified anonymous tip to support a search of the described suspect. Cunningham v. State, 591 So.2d 1058 (Fla. 2d DCA 1991). The police officers made no independent observations to support a founded suspicion that appellant had committed, was committing or was about to commit a crime. Neither was there any testimony by the officers that they were concerned for their safety. See Blair v. State, 563 So.2d 824 (Fla. 2d DCA 1990).
The state attempts to legitimize the stop as a temporary detention for the purpose of ascertaining whether Miller was driving with a suspended license. Even assuming the source of the information concerning his suspended driver’s license was reliable, the record does not support that contention.
Where the initial detention is invalid, all that flows from it is also illegal; thus, the subsequent arrest and seizure are invalid. Consequently, the items of evidence should have been suppressed. Ottney v. State, 571 So.2d 20 (Fla. 2d DCA 1990).
Based on the above, we reverse and remand with directions to the trial court to discharge the appellant.
Reversed and remanded.
LEHAN, C.J., and FRANK, J., concur.