SHIVERS, Senior Judge.
Appellant Yama Butler pled nolo contende-re to one count of possession of cocaine, in violation of § 893.13(l)(f), Florida Statutes (1991), but expressly reserved his right to appeal the trial court’s denial of his motion to suppress. We reverse.
About 11:30 PM on April 25, 1992, Officer Putnam “ran across” a known, confidential informant (“Cl”). Putnam had used information from this informant on at least twenty occasions since February 1 of 1992, and sixty to seventy percent of these tips had resulted in felony arrests. On this occasion, the Cl told Putnam a black male about 5'10" tall, wearing a black jacket, white t-shirt and blue jeans was selling powdered cocaine on the sidewalk in front of 726 West Beaver Street (a “high drug area”).[1] He also told Putnam the individual liked to wrap the cocaine inside rolled-up one-dollar bills he kept in his pants pocket. There is no record evidence indicating the Cl told the officer he had personally seen the cocaine or that the individual had tried to sell some to him.
Within fifteen minutes of receiving this tip, Putnam and another officer saw appellant standing on the sidewalk in front of a house on 726 West Beaver Street. Appellant’s clothes matched the description given by the informant, and Putnam noted the only other black male in the area was over six feet tall. When Putnam arrived, he did not see appellant engaged in any action or exchange (i.e., he was not talking to anyone, walking up to anyone, etc.). Putnam admitted he had no reason to believe the appellant was armed in any way. Nevertheless, Putnam “rode up, saw the described suspect standing on the sidewalk in front of the house, ... jumped out of the ear and just stopped him and patted him down immediately for officer’s safety for weapons.”[2] On patting him down, Putnam felt a large, soft bulge in appellant’s left, front pants pocket, which he believed to be money. He testified he knew it was not a weapon. He further testified he did not see *702 the bulge in the appellant’s pocket before frisking him because appellant’s jacket “pretty much covered up the pocket.”
Putnam asked appellant what the bulge was and he responded it was twenty-eight one-dollar bills. Putnam then reached into appellant’s pocket and retrieved the folded money (i.e., twenty-seven or twenty-eight Mis), but found no cocaine. He asked appellant if he had any more money in his pocket, to which he either replied “no” or “I don’t know.” Putnam then reached into the pocket again, retrieving another folded dollar bill. This bill contained powdered cocaine. Putnam then arrested appellant.
Appellant moved to suppress the contraband as the fruit of an illegal search. The trial court denied the motion, finding there was probable cause for a warrantless search predicated on the information received from a previously reliable Cl considering the totality of the circumstances.
On appeal, appellant argues the trial court erred in denying his motion because the contraband was obtained as a result of a war-rantless search. Moreover, the officer lacked probable cause to search his pocket for contraband. Although the informant’s credibility may have been established, appellant contends this was not sufficient, even under the totality of the circumstances standard, to overcome Putnam’s failure to corroborate the tip, or to overcome the lack of detail as to the tip’s source. In response, the state argues no warrant was required because there was probable cause to arrest and the search was incident to that arrest. Although the informant did not state he had personally observed the cocaine, the State contends such “first-hand” knowledge may be inferred from the detañed information contained in the tip.
The issue here is whether Officer Putnam had probable cause to search the defendant incident to an arrest. A “search incident to an arrest may precede formal arrest so long as ... probable cause to arrest existed absent the result of the search.” Wright v. State, 418 So.2d 1087, 1091 (Fla. 1st DCA 1982) (citing Rawlings v. Kentucky, 448 U.S. 98, 110-111, 100 S.Ct. 2556, 2564-2565, 65 L.Ed.2d 633 (1980)), pet. for rev. denied, 426 So.2d 29 (Fla.1983). This court has defined “probable cause” as follows:
Probable cause exists where the facts and circumstances, as analyzed from the officer’s knowledge, special training and practical experience, and of which he has reasonably trustworthy information, are sufficient in themselves for a reasonable man to reach the conclusion than an offense has been committed.
City of Jacksonville v. Alexander, 487 So.2d 1144, 1146 (Fla. 1st DCA 1986). To determine if sufficient probable cause exists in situations involving tips from confidential informants, a “totality of the circumstances” approach is used. Hopkins v. State, 524 So.2d 1136, 1137 (Fla. 1st DCA) (citing Illinois v. Gates, 462 U.S. 213,103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)), rev. denied, 531 So.2d 1353 (Fla.1988). In this approach, the Cl’s veracity, reliability and the basis of knowledge remain highly relevant in assessing the value of the Cl’s tip. Id.
This court has held that a tip from a reliable Cl “may form the basis of probable cause to conduct a search and seizure ... provided it is sufficiently detaüed and is verified and independently corroborated by evidence other than by the fruits or information obtained as a consequence of the search.” Holmes v. State, 549 So.2d 1119, 1121 (Fla. 1st DCA 1989) (emphasis supplied). Corroboration of a tip may occur through police observation of an individual’s present suspicious behavior or through police observation of an individual’s activities, even if noncriminal in nature, which the Cl predicted would occur in the future. See Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959) (probable cause to search and arrest individual where known, reliable Cl gave police detañed physical description of individual and said he would be arriving on inbound train from Chicago with drugs); Lindsey v. State, 523 So.2d 180 (Fla. 1st DCA 1988) (motion to suppress properly denied where Cl told officers location of drugs on defendant’s person and surveüling officer observed defendant “hand passing” something to numerous persons); State v. Sampson, 616 So.2d 93 (Fla. 5th DCA 1993) (prob *703 able cause to arrest where known, reliable Cl told police defendant had cocaine for sale, police independently observed defendant arrive at the location designated for the drug deal, and during transaction, other suspect stated the cocaine belonged to the defendant); State v. Maya, 529 So.2d 1282 (Fla. 3d DCA 1988) (probable cause found where known informant gave police information and police independently observed conduct consistent with drug transaction and content of tip); State v. Diaz, 474 So.2d 903 (Fla. 5th DCA 1985) (probable cause to search and arrest where police independently observed events known, reliable Cl predicted would occur). The rationale for finding probable cause in police verification of seemingly innocent activities is that a Cl’s prediction of the future actions of a third party indicates some “inside information” or information not easily accessible to the public at large. See Illinois v. Gates, 462 U.S. at 245, 103 S.Ct. at 2336.
In Holmes v. State, 549 So.2d 1119 (Fla. 1st DCA 1989), police received a tip from a reliable Cl that a red Oldsmobile with a certain tag number was parked at a specific location and was transporting cocaine. The Cl did not know where the drugs were located in the car or who would be driving the car. The officer could not recall if the Cl had told him how he knew the car contained contraband. About forty-five minutes later, the police began observing the Oldsmobile and learned the car was registered to a suspected drug dealer. Some people got in the car fifteen minutes later and drove away. The police stopped the ear based solely on the informant’s tip. The court held the trial court erred in denying the motion to suppress because there were insufficient details in the Cl’s tip to establish probable cause. The tip failed to specify the exact location of the alleged contraband in the car, describe the specific drugs involved, describe the container for the drugs, or indicate the source of the informant’s knowledge. The court found no evidence of how the Cl came to the conclusion the car would be transporting drugs, and no evidence of independent corroboration by the police. Id. at 1121. Simply finding the car located in the spot indicated by the Cl was insufficient to corroborate that it was involved in any illegal activity. Id. But see Wooten v. State, 385 So.2d 146 (Fla. 1st DCA), rev. denied, 392 So.2d 1381 (Fla.1980) (sufficient probable cause found where court inferred Cl’s personal knowledge of the contraband and police verified time, place, car and defendant’s clothing).
Although a different outcome was reached in Hopkins V: State, supra, where this court found probable cause to conduct a warrant-less search based on information received from a Cl, the facts there were admittedly unique. In Hopkins, a reliable Cl was wired and on the scene when he relayed a detailed description of an individual selling fifty dollars worth of rock cocaine at a specific address. Within three minutes of receiving the tip, the officers located the person matching the description and began to search him. The court noted:
The tip here describes a man’s dress, his whereabouts, and the exact amount of drugs in his possession. The only self-verifying detail of any substance is the amount of the drugs, for the other two details were readily available to anyone in the vicinity and in no way suggest that the confidential informant had inside information. Likewise, the police officer’s corroboration was limited exclusively to innocent details also readily available to the public at large. If there was nothing else to support probable cause, appellant’s argument [that the lack of the Cl’s basis of knowledge cannot be cured by self-verifying details or partial corroboration by the police] would be persuasive.
Id. at 1138. The court found, however, it could be reasonably inferred the Cl did have first-hand knowledge of the drugs due to the brief lapse of time between receipt of the tip and the search, the “structured surveillance arrangement,” and the Cl’s physical presence on the scene. Id.
Given similar facts, the Second District has adhered to a different principle, namely that sufficient probable cause may be found with no independent police corroboration of the reliable Cl’s tip other than through “innocent” or self-verifying details. In State v. Flowers, 566 So.2d 50 (Fla. 2d DCA 1990), the court found adequate probable cause for *704 a search and arrest where a reliable Cl told police he had just observed a woman inside a parked green Oldsmobile Cutlass and that she was in possession of cocaine. The Cl gave police the car’s tag number and told them where on the woman’s body the drugs could be located. Police went immediately to the address, “saw the situation described by the Cl,” and immediately arrested and searched the woman. Id. at 51. The court upheld the arrest and search, holding that a tip from a known, reliable Cl may provide sufficient probable cause to arrest and search an individual where the tip is sufficiently detailed and police verify all details of the tip except for the “final detail” (i.e., commission of the crime). Similarly, in State v. Brown, 556 So.2d 790 (Fla. 2d DCA 1990), the court found there was probable cause for the detention and search of a ear where a rehable Cl told police two people were selling rock cocaine in a high drug area. He described the two individuals, as well as the car they were driving. In both Flowers and Brown, the Second District found sufficient probable cause existed even though police verification went only to “innocent details.”
In the case before us, the asserted basis for probable cause rests on a rehable informant’s tip, the appellant’s presence in a “high drug area,” and the fact the officer had recently searched and seized crack cocaine from the very house in front of which the appellant was standing. Although this case bears factual similarities to the cases decided by the Second District, this court is bound by its recent ruling in Holmes. Under this precedent, we find insufficient probable cause existed to justify the search and arrest of appellant.
The search and arrest are invahd on two grounds: (1) there was insufficient detail in the CI’s tip as to the source of .the CI’s knowledge; and (2) the police failed to corroborate the information in the tip through independent police work. Although the tip is detailed in its description of appellant’s clothing, his location and the location of the contraband on his person, and although the Cl’s reliability is fairly well established, the “source” of the Cl’s knowledge is lacking. There is no record evidence indicating the Cl personally observed the cocaine or how he came to know appellant had the contraband. Thus, except for the detail about the cocaine wrapped in bills in his pants pocket, the tip offered nothing more than innocent details of identification that were readily observable by the public at large. Holmes; Hopkins.
Even if we were to find the CI’s firsthand knowledge could be reasonably inferred from the informant’s detail about how the cocaine would be wrapped, the search and arrest were unlawful because there was no independent corroboration by the police of the details in the informant’s tip. Upon arriving at the scene, Officer Putnam neither observed nor did he wait to observe anything to make him reasonably suspect the appellant had violated or was violating any law. He saw no sign of suspicious behavior, drugs or weapons. Moreover, the tip contained no prediction of the appellant’s future actions. The appellant was merely standing in the location indicated by the Cl.
The state contends the fact the appellant was in a “high drug area” and the fact Putnam had recently seized cocaine from a nearby house served to corroborate the information in the tip. Nonetheless, it is well-established that even running away in a high crime area is insufficient to establish “reasonable suspicion” for a stop and frisk, Daniels v. State, 543 So.2d 363, 365 (Fla. 1st DCA 1989), much less “probable cause” for an arrest. Moreover, the prior drug seizure did not involve appellant.
In sum, Officer Putnam observed nothing to corroborate the incriminating portion of the CI’s tip. Because there was no probable cause to arrest appellant before the cocaine was discovered during the pre-arrest search, the warrantless search of appellant cannot be validated as a search incident to an arrest. State v. Williams, 462 So.2d 69, 72 (Fla. 1st DCA), pet. for rev. denied, 476 So.2d 676 (Fla.1985); Wright v. State, 418 So.2d 1087 (Fla. 1st DCA 1982), pet. for rev. denied, 426 So.2d 29 (Fla.1983). Although the trial court’s ruling on a motion to suppress is presumptively correct, McNamara v. State, 357 So.2d 410, 412 (Fla.1978), the trial court’s *705 ruling in this case is in conflict with our court’s recent holding in Holmes v. State.
Accordingly, we reverse the order denying appellant’s motion to suppress evidence. We certify, however, that this decision is in conflict with decisions of the Second District Court of Appeal, State v. Flowers and State v. Brown, which found sufficient probable cause to validate searches and arrests based on similar facts.
REVERSED.
ERVIN, J., concurs.
LAWRENCE, J., dissents with written opinion.

. Putnam testified that the house in front of which appellant was standing was a house from which Putnam had seized crack cocaine two months earlier. That search and seizure, however, did not involve appellant.

. Putnam later testified he asked the defendant "what's going on” or "how is it going” before patting him down.