QUINCE, Judge.
Taored Lawal appeals the trial court’s denial of his motion to suppress evidence seized during the search of his vehicle. We reverse because the officers did not have probable cause to arrest Lawal or to search the vehicle.
Tampa police officers Gary Russ and Kennedy Norris arrested an informant for possession of marijuana, and he agreed to cooperate with police. The informant called an unknown individual and said he needed “two of those.” He told the officers to go to a grocery store at 30th Street and Bougainvillea and wait for a vehicle to pull up next to them. They were to wait for a black male of Jamaican descent by the name of Jimmy. Jimmy would pull up close to the officers’ car so that the transaction could be made through the ear windows. No description of the person or the vehicle was given.
Officer Norris took the informant’s vehicle to the store. During a thirty minute wait, he looked at several vehicles that entered the parking lot. Finally, a van with two black males pulled in and parked next to the informant’s vehicle. When the officer rolled down his window, Lawal asked, “What’s up?” The officer replied that his companion was in the store and would be out in a minute. Lawal then said, “Okay.” No further conversation took place. Approximately two minutes later backup units arrived. Lawal was arrested, the van was searched, and two baggies of marijuana were found.
Lawal was charged with possession and delivery of marijuana. After denial of his motion to suppress, Lawal entered pleas of nolo contendere reserving the right to challenge the court’s denial of his motion to suppress as to both counts of the information.
We reverse Lawal’s convictions because the information given to the officers was not sufficiently detailed and was not *1001 corroborated. Therefore, the officers did not have probable cause to arrest Lawal or to search his vehicle. In determining whether information given by an informant will give an officer probable cause for a warrantless arrest and search, the totality of the circumstances must be weighed, including the veracity of the informant, the amount of details in the tip, and corroboration of the details by the officers. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Butler, 655 So.2d 1123 (Fla.1995). This court has upheld warrantless arrests and searches as based on probable cause where a reliable informant has given detailed information concerning the appearance of the suspect, any vehicle involved, the location of the transaction, and the officers have verified all but the final detail, possession of the contraband. See State v. Flowers, 566 So.2d 50 (Fla. 2d DCA 1990); State v. Brown, 556 So.2d 790 (Fla. 2d DCA 1990); State v. Edwards, 547 So.2d 183 (Fla. 2d DCA 1989).
In this case, the informant was known but had not been used by the officers before. He was an arrestee who was cooperating with the police for his own benefit. He made the arrangements for the officers to meet the suspect by telephone, and the officers only heard his side of the conversation, which included the name of the party called, a reference to needing “some of that stuff,” and a cost of “800 apiece.” It is clear that the officers were not sure of the informant’s reliability because they would not let him go to the meeting site. Officer Russ testified he stayed at a residence with the informant while Officer Norris went to the store because they were not sure that this was not a bogus situation set up in order to facilitate an escape.
In addition to having an informant of questionable reliability, the tip itself contained very little detail. The officers were simply told to park in a particular area of the grocery store and that a black male of Jamaican descent named Jimmy would park next to him. No description was given of Jimmy or his vehicle. After waiting thirty minutes, a van, occupied by two black males, pulled up very close to the officer’s vehicle. The positioning of the vehicle in the manner described by the informant was the only detail corroborated by the officer. The conversation that ensued was totally innocuous and conveyed no additional information. The officer did not even ascertain if one of the two males in the van was named Jimmy. Officer Norris stated there was a slight accent, but he did not say it was Jamaican.
Under the totality of circumstances, including the questionable reliability of the informant, the lack of details in the tip, and the lack of corroboration, we conclude the officers did not have probable cause to arrest Lawal or to search his vehicle. Miller v. State, 613 So.2d 1351 (Fla. 2d DCA 1993). We, therefore, reverse his convictions for possession and delivery of marijuana.
PARKER, A.C.J., and ALTENBERND, J., concur.