PER CURIAM.
In these consolidated direct criminal appeals, appellants challenge the denial of their motions to suppress evidence found as a result of the stop and search of their car. We agree that the deputy who stopped the car lacked a founded suspicion of criminal activity and that, therefore, the motions to suppress should have been granted. Accordingly, we reverse.
Deputy Gainer of the Gulf County Sheriffs Office, who had “quite a bit of experience in investigating drug cases,” was contacted by a reliable confidential informant. The informant told him that a “black Nissan four-door occupied by two black males[ ] would be entering the county [i.e., Gulf County]” every “three to four days” “delivering narcotics to North Port St. Joe, from there to Wewah-itchka.” On the same day, Deputy Gainer *228 received information from the Franklin County Narcotics Division that they had been conducting surveillance on a black Nissan Maxima occupied by two black males, that had made “drug drop offs” that day in Franklin County. Franklin County provided Deputy Gainer with the names of the two occupants, whom they described as having a “[m]edium build [and] medium complexion.” There is no indication that Deputy Gainer received any other particulars about either the car or the occupants.
Deputy Gainer went out looking for a black four-door Nissan Maxima occupied by two black males. That afternoon, he spotted such a car on Fifth Street in Port St. Joe, headed north, in the direction of Wew-ahitehka. He pulled the ear over, and asked the driver for his license. Upon learning that the name on the license matched one of the two he had received from Franklin County, Deputy Gainer immediately called for back-up. As soon as a second. deputy arrived, the two of them searched the car, finding cocaine. Appellants were then arrested. Following the denial of their motions to suppress, appellants pleaded no contest, reserving their right to appeal the denial of those motions.
We conclude that the information in Deputy Gamer’s possession prior to the stop of the car was not sufficient to establish a founded suspicion of criminal activity. Because he lacked a founded suspicion of criminal activity sufficient to justify stopping the car, Deputy Gainer lacked probable cause to search it. Accordingly, the trial court erred when it denied appellants’ motions to suppress. See, e.g., Cox v. State, 586 So.2d 1321 (Fla. 2d DCA 1991) (officer lacked founded suspicion to stop white Oldsmobile with rental tag, even though such a car had been included on monthly list of stolen vehicles, where officer did not cheek tag number; description relied on for stop too general); Bristol v. State, 584 So.2d 1086 (Fla. 2d DCA 1991) (information provided by reliable informant that suspected robber was riding with others in “red over white long Cadillac from St. Petersburg” insufficient to justify stop); Lewis v. State, 387 So.2d 1031 (Fla. 2d DCA 1976) (tip that “two white males in a red Volkswagen were selling drugs on the north side of Lakeland” insufficient to establish founded suspicion necessary to justify stop), cert. denied, 345 So.2d 427 (Fla.1977). As the state and the trial court agreed that the motions to suppress would be dispositive of the cases were they granted, we reverse and remand with directions that the trial court grant the motions and dismiss the cases.
REVERSED and REMANDED, with directions.
ERVIN, MINER and WEBSTER, JJ., concur.