STONE, Judge.
The sheriff appeals an order dismissing a forfeiture complaint where the trial court found that the sheriffs office failed to establish probable cause to seize Appellee’s property. We reverse.
In early June 1995, Detective Towsley of the Broward Sheriff’s Office received information from an allegedly reliable informant that Appellee sold cocaine out of a local bar. The informant also provided Towsley with Appellee’s address, a description of her car, and the car’s tag number. On June 30th, the informant again contacted Towsley, informing him that Appellee was presently at the bar selling cocaine. Towsley was unable to respond immediately.
The informant again contacted Towsley several hours later and told the detective that Appellee had just left the bar in her vehicle to go home to get more cocaine. Towsley then proceeded to Appellee’s residence where he found her vehicle parked in the driveway. After five minutes, Appellee left the residence and began to drive the vehicle along a route that would take her back to the bar. Appellee was then stopped by a marked police unit.
Appellee consented to a search of her vehicle and purse, following which she reached into her purse and began handing Towsley cigarette packs filled with cocaine. A search of her purse uncovered more cocaine and an eyeglass case containing $3,430.00.
The sheriff sought forfeiture of Appellee’s vehicle and the currency. An adversarial preliminary hearing was held in which Appel-lee challenged the stop and resulting seizure as unlawful. The trial court concluded, in error, that Towsle/s stop was invalid because it was “pretextual” and for that reason Appellee’s consent to search was likewise invalid. The court then dismissed the complaint. However, we conclude that the determinative query should not have been whether the stop was “pre-textual,” but whether it was founded on probable cause.
In State v. Butler, 655 So.2d 1123 (Fla.1995), our supreme court discussed the “totality of the circumstances test” enunciated in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), as it relates to a warrantless search and seizure based on an informant’s tip. Gates recognizes that the task of a magistrate in issuing a warrant is to make a practical, common-sense decision whether, under all the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Id. at 238-39, 103 S.Ct. at 2332-33.
The court in Butler recognized that a war-rantless search is justified as founded on probable cause where, as here, the informant is known to be reliable, the informant’s personal knowledge could be inferred from the details provided, and recent activity observed by the police could be used to verify information provided. Butler, 655 So.2d at 1130-31. See also, Lawal v. State, 666 So.2d 1000 (Fla. 2d DCA 1996); State v. Flowers, 566 So.2d 50 (Fla. 2d DCA 1990); State v. Brown, 556 So.2d 790 (Fla. 2d DCA 1990); State v. Edwards, 547 So.2d 183 (Fla. 2d DCA 1989); State v. Abiri, 539 So.2d 492 (Fla. 2d DCA 1989).
Here, the trial court erred in concluding that Towsley lacked probable cause to stop Appellee. The unrebutted and unchallenged evidence supports the decision of the detective, and there is no record support for the trial court’s conclusion that the stop was pre-textual, which appears to be based on an erroneous interpretation of law.
Therefore, we reverse for reinstatement of the proceedings.
PARIENTE and SHAHOOD, JJ., concur.