POLEN, J.
This case arises out of the arrest of Joseph Timothy Swartz for possession of narcotics, after a tip by a citizen informant concerning a possible burglary. We reverse the denial of Swartz’s motion to suppress.
On January 31, 2002, the Palm Beach County Sheriffs Office received a telephone tip that reported a man jumped over a fence and handed items over to a woman on the other side of the fence, who then placed the items into a car. The informant was a neighbor who believed a burglary was taking place.
Shortly thereafter, Officer Murray arrived and observed a woman in a car, both of which matched the description in the dispatcher’s report. Upon the woman’s failure to give a reasonable explanation, Murray handcuffed the woman. Without a warrant or further corroboration, Murray proceeded to jump over the fence, draw his revolver, and search the residence. Murray found Swartz toward the rear of the property, with his hands under the hood of a truck. Murray immediately ordered Swartz to the ground at gunpoint. Swartz explained, to no avail, that this was his mother’s home. Swartz was then handcuffed and placed under arrest. When Swartz was patted down, a prescription bottle containing Valium and Oxycodone was seized. After the seizure Murray finally attempted to contact the owner of the house, who verified Swartz’s story.
Swartz moved to suppress the contraband seized. Since the State specifically abandoned any reliance on the authority of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), to justify the search as a temporary detention and prophylactic weapons search, premised upon a reasonably articulated or founded suspicion, the State had to argue the search was incident to a lawful arrest. The trial court denied Swartz’s motion ruling that Murray had probable cause to arrest Swartz.
The issue of whether probable cause exists is a mixed question of law and fact and is reviewed de novo. Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); Melendez v. Sheriff of Palm Beach County, 743 So.2d 1145 (Fla. 4th DCA 1999). In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the U.S. Supreme Court adopted a “totality of the circumstances” test for determining probable cause. “Probable cause to arrest exists *952 only when the totality of the circumstances more likely than not points to the commission of a crime.” Bellamy v. State 696 So.2d 1218, 1220 (Fla. 2d DCA 1997) (citing Doney v. State, 648 So.2d 799, 800 (Fla. 4th DCA 1994)).
Independent evidence of criminal activity on the part of the suspect is a prerequisite before a tip can justify probable cause for an arrest. While a reliable tip can form the basis for probable cause, if it is sufficiently detailed and independently verified by a law enforcement officer using evidence other than the tip itself, the tip is insufficient to validate an arrest where there is no evidence which supports the tipster’s allegation that the suspect was committing the crime of which he was accused. See Holmes v. State, 549 So.2d 1119 (Fla. 1st DCA 1989); State v. K.V., 821 So.2d 1127 (Fla. 4th DCA 2002) (holding investigatory stop ripened into probable cause to support arrest when officer relied on tip and acquired additional information justifying arrest). Moreover, in Cunningham v. State, 591 So.2d 1058, 1060 (Fla. 2d DCA 1991), the second district held
[i]t is abundantly clear from an analysis of all the cases that even after an anonymous tip is sufficiently corroborated to warrant an investigative stop, a search or an arrest of a person so detained is not authorized absent the discovery of evidence sufficient to establish in the mind of the detaining officer probable cause to believe that the detainee is engaged in criminal activity or that there are outstanding warrants for the arrest of the detainee.
In the case sub judice, Murray’s knowledge and observations provided a basis for an investigatory stop, but did not meet the standard for probable cause for an arrest. A man working underneath the hood of a truck is not inherently criminal. Furthermore, as soon as Swartz became aware of Murray’s presence, he informed Murray that the house belonged to his mother and that he was allowed to be there. This should have allayed any would-be suspicions at least until such a claim could be verified. The tip alone justified a detention only long enough to investigate, by verifying as correct, the tip’s allegation of burglary, any suspicions of the commission of any other crime, and/or Swartz’s story. Instead, Murray arrested Swartz, and then proceeded to later verify Swartz’s story, which ultimately turned out to be truthful.
“Facts constituting probable cause need not meet the standard of conclusiveness and probability required to support a conviction.” Seago v. State, 768 So.2d 498, 500 (Fla. 2d DCA 2000). Notwithstanding, to legally justify an arrest, there must have been some facts known to Murray prior to the arrest and search, that established some probability that Swartz had committed or was committing a crime while in his mother’s backyard and/or that he did not have his mother’s permission to be there. Swartz’s conduct may have given rise to a reasonable suspicion, but probable cause requires more than a mere reasonable suspicion. We conclude the record does not set forth a sufficient basis to reasonably conclude that based upon Murray’s observations, there was probable cause to believe Swartz had committed or was committing a crime. Since there was no probable cause, the search which produced the contraband was not incident to a lawful arrest. Consequently, we reverse the order of the trial court and remand the case, instructing the trial court to grant Swartz’s motion to suppress.
REVERSED AND REMANDED.
KLEIN and STEVENSON, JJ., concur.