SACK, MARTIN, Associate Judge.
This is an appeal by the plaintiff below from an adverse final judgment, rendered after a non jury trial.
The judgment comes here with a presumption of correctness, and the burden is on appellant to clearly demonstrate error by the trial court. We believe he has failed to do this; and a detailed exposition of the facts and legal contentions would be of slight precedential value to the bar or to the law of the state.
Suffice it to say that appellant’s principal contention is that the liability policy in question was ambiguous, that such ambiguity should have been resolved in his favor, and thereby the policy should have been construed to afford him coverage under the facts of this case. By their very nature, policies of insurance are relatively complex instruments and require a reading of all their provisions in pari materia with all other provisions. Ambiguity of language is to be distinguished from unintelli-gibility and inaccuracy, for words cannot be said to be ambiguous unless their signification seems doubtful and uncertain to persons of competent skill and knowledge to understand them. It does not include uncertainty arising from the use of peculiar words, or of common words in a peculiar sense. (Black’s Law Dictionary, Fourth Edition, page 105.) If the language used is clear and unambiguous, it will of course be given its natural meaning. The court should not extend strictness in construction to the point of adding a meaning to language that is clear. The rule of strict construction does not apply where the result would be a construction that the parties could not have intended. (18 Fla.Jur., Insurance, § 408.)
Applying these principles to the facts of this case, we perceive no ambiguity in the policy in question, and neither did the trial court, which heard the testimony.
Accordingly, the judgment below is affirmed.
WALDEN, J., concurs.
MAGER, J., dissents, with opinion.