CROSS, Judge.
The appellant-defendant, Albert D. Williams, appeals a judgment of guilty and imposition of sentence for possession of heroin. We reverse.
Albert D. Williams was one of two passengers in an automobile which had been stopped for being driven in an erratic manner. A driver’s license check on the driver, Albert Mitchell, revealed an outstanding warrant for Mitchell’s arrest. Mitchell was then taken to the police station for questioning. The appellant, Williams, and the other passenger, Byron Smith, who were not detained, then entered a restaurant where the car had been stopped.
Prior to Mitchell’s being taken to the police station, Officer Palmisino of the Boca Raton Police Department, asked Mitchell to lock the car and give him the keys. Mitchell complied with this request and also produced a rental agreement showing that the car was leased to the mother of one of the passengers, Byron Smith. Officer Palmisi-no then turned Mitchell over to another police officer to be transported to the police headquarters. Palmisino then returned to his patrol.
Shortly afterwards Officer Palmisino learned that the warrant outstanding for Mitchell was for violation of the drug abuse law. Palmisino then returned to the restaurant where the vehicle had been left, shined his flashlight into the car, observed an open ashtray with a silver spoon lying across the ashtray. The bottom of the spoon appeared to be blackened from soot, as if it had been burned. Palmisino also noticed that the spoon contained a whitish-yellowish substance, and appeared to have been used as a cooker to prepare heroin for injection. Palmisino then went into the restaurant and asked Smith and Williams to come out to the car and open the door, giving them the keys. Palmisino took the spoon from the ashtray and examined the substance in the spoon which he believed to be heroin. A search of Smith revealed a packet of heroin. A search of Williams revealed nothing. Smith and Williams were arrested and taken to police headquarters. Subsequently, a strip search of Williams at the police station revealed a packet of heroin.
An information was filed charging Williams with possession of heroin. Williams moved to suppress the heroin seized from his person at the police station. The motion to suppress the evidence seized was denied. Williams then entered a plea of nolo con-tendere to the charge of possession of heroin, reserving the right to appeal the order denying the motion to suppress. The trial court adjudged Williams guilty and sentenced him to a term of years in the state prison. This appeal then followed.
The thrust of the appeal is whether the search of Williams was incident to a lawful arrest.
When a lawful arrest is made, whether with or without a warrant, a rea *235 sonable search and seizure properly incident to the arrest may be made by the officer. If the search reveals any violation of the law, the evidence so found may be seized and used against the person in whose possession it is found. Casso v. State, 182 So.2d 252 (Fla.App.1966). To be lawful, an arrest without a warrant must be predicated on probable cause. Probable cause for making an arrest has been defined as a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty of a criminal offense. State v. Knapp, 294 So.2d 338 (Fla.App.1974). Where an arrest is unlawful, a subsequent search is unlawful and cannot be made legal by the evidence which may be found. Bailey v. State, 295 So.2d 133 (Fla.App.1974). Evidence discovered pursuant to a search subsequent to an illegal arrest cannot supply missing factual data to establish probable cause for an arrest. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
Turning to the instant case, we conclude that the facts available to Officer Palmisino prior to appellant’s arrest were insufficient to establish probable cause to arrest Williams. Williams had been a passenger in a car driven by Mitchell, for whom there was an outstanding warrant for his arrest on a drug charge. There was located in the automobile, in which Williams was a passenger, a cooker spoon containing a powdery substance appearing to be heroin. Smith was found in possession of a packet of heroin. However, there was absolutely nothing to connect Williams with the drug related offense, which was the subject of the arrest warrant outstanding for Mitchell, or the cooker spoon found in the automobile. Furthermore, Williams was searched by Palmisino immediately pri- or to the arrest, and no contraband was found. Appellant’s arrest being illegal, the heroin seized at the police headquarters subsequent to the illegal arrest should have been suppressed as evidence on Williams’ motion. Thus was the error of the trial court.
Accordingly, the judgment and sentence herein appealed is reversed, and the cause is remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
SMITH, D. C., Associate Judge, concurs.
MAGER, C. J., dissents, with opinion.