## CONTINENTAL ASSURANCE COMPANY v KURTZER
### Case No. 86-6439 (AP) J
Fifteenth Judicial Circuit, Palm Beach County
June 28, 1988

### APPEARANCES OF COUNSEL

**Steven R. Berger** for appellant.

**James Wilkerson** for appellee.

### OPINION OF THE COURT

MARY E. LUPO, Circuit Judge.

This case came before the court in its appellate capacity pursuant to Article V, Section 20, Florida Constitution, and Rule 9.030(c), Florida Rules of Appellate Procedure. This is an appeal from a final judgment rendered June 9, 1986 awarding Jack Kurtzer $2,000 in medical insurance benefits for a claim filed under a group medical insurance policy issued by Continental Assurance Company. The court reverses the judgment of the lower court.

The facts of the case have never been in dispute. Kurtzer was insured under a group medical insurance policy issued by Continental

to his employer, Modernage Furniture, Inc. From December 22, 1982 until January 18, 1983, Kurtzer was hospitalized for treatment of a prostate condition. As a result of this treatment, Kurtzer filed a claim under his Continental group medical policy for $12,765.43; Continental paid $10,665.43 of the claim. Kurtzer then filed a complaint in County Court seeking $2,000 in medical insurance benefits which he claimed Continental owed him. The trial court determined that the participation percentage provision did not apply to reduce benefits because Kurtzer was hospitalized for a nonmental disorder. The court entered final judgment for the plaintiff, reserving jurisdiction for fees and costs.

The coinsurance or participation percentage clause at issue reads as follows:

For other than Mental Disorders while not hospital confined:

80% of the first $5,000.00 of Covered Expenses which are in excess of the Deductible and 100% of the balance.

For Medical Disorders while not hospital confined:

50% of Covered Expenses which are in excess of the Deductible Amount.

Florida courts adhere to the principle that unambiguous terms in an insurance policy must be given effect as written. *State Farm Fire & Casualty Co. v Oliveras,* 441 So.2d 175 (Fla. 4th DCA 1983). A court should not rewrite a contract of insurance extending the coverage afforded beyond that plainly set forth in the insurance contract. *United States Fire Insurance Co. v Morejon,* 338 So.2d 233 (Fla. 3d DCA 1976). If the language used is clear and unambiguous, it will be given its natural meaning. Words cannot be said to be ambiguous unless their significance seems doubtful and uncertain to persons of competent skill and knowledge to understand them. *Nixon V. United States Fidelity and Guaranty Co.,* 255 So.2d 277 (Fla. 4th DCA 1971).

It is evident that the plain, ordinary, unambiguous language of the 80% coinsurance provision applies to reduce Kurtzer's claim for medical benefits. As written, the 80% coinsurance provision applies to all claims that are both nonhospitalized and nonmental. This reading is apparent not only from the simply grammatical construction of the clause, but from a common sense reading of the whole policy. There are two distinct parts to the participation percentage provision: the 80% reduction of benefits clause (at issue here) that applies to all unhospitalized, nonmental claims, and the 50% reduction clause that applies to all unhospitalized claims for mental disorders. The existence of two classifications exhibits an intent to separate unhospitalized mental disorders from all other claims.

100

The Final Judgment is reversed; the case is remanded to the trial court for instructions to enter judgment for the appellant.

DONE AND ORDERED this 28th day of June, 1988 in chambers at West Palm Beach, Palm Beach County, Florida.