550 So.2d 540 (1989)
George W. GRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0200.
District Court of Appeal of Florida, Fourth District.
October 25, 1989.
*541 Richard L. Jorandby, Public Defender and Carol J. Bickerstaff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn, Asst. Atty. Gen., West Palm Beach, for appellee.
GARRETT, Judge.
Appellant entered a plea of nolo contendere to trafficking in cocaine but specifically reserved the right to appeal the trial court's denial of his motion to suppress.
Appellant was a passenger in a car stopped by trooper Veltri (Veltri) for speeding. After a second trooper arrived at the scene, appellant got out of the car. Veltri noticed a large bulge in the genital area of appellant's pants. A search of the car revealed no contraband. Veltri remarked on the size of the bulge and asked to see appellant's genitals.[1] After appellant pulled his underwear away from his stomach, Veltri, using a flashlight, saw a portion of a brown, opaque plastic bag. Appellant did not answer when asked what was in the bag. Appellant was again asked to show his genitals. When appellant complied, Veltri took and opened the bag which was marked "Toys' R' Us." Inside the "Toys' R' Us" bag he found a second bag containing the cocaine.
We reverse. However, we affirm the trial court's rulings as to the stopping of the car, the encounter between appellant and the troopers, and appellant's consent for the troopers to look at his genitals. We find error in that appellant's consent for the troopers to look did not include the seizure or searching of the bag. Hutchinson v. State, 505 So.2d 579 (Fla.2d DCA 1987), review denied, 519 So.2d 603 (Fla. 1988). We also find error from the absence of probable cause to seize the bag without a warrant. Williams v. State, 338 So.2d 233, 235 (Fla. 4th DCA 1976).
Since appellant did not consent to the taking of the bag, the state had to establish probable cause to justify Veltri's seizure. During a motion to suppress a warrantless search and seizure of an ordinary looking object found to contain drugs, the state is required to establish probable cause through an officer's testimony that prior to the seizure he or she believed the object contained contraband. The officer usually bases his or her belief upon knowledge gained through training and experience about how drugs are carried or packaged by traffickers. Seeing a bag stuffed in the genital area of someone's underwear is highly suspicious even to the average citizen. But without testimony that the location, type of packaging, or other articulable facts led Veltri to reasonably believe the bag contained contraband, his suspicion never rose to the level of probable cause. Cf. Robbins v. California, 453 U.S. 420, 427-29, 101 S.Ct. 2841, 2846-47, 69 L.Ed.2d 744, 751-52 (1981) (officer's vague testimony as to what two plastic wrapped green blocks contained did not establish probable cause to search without warrant).
Accordingly, we reverse the trial court's order denying the motion to suppress and remand with directions to discharge appellant after permitting the withdrawal of his conditional plea.
REVERSED AND REMANDED WITH DIRECTIONS.
DELL and GUNTHER, JJ., concur.
NOTES
[1] Trooper Veltri testified, "Like I said, I remember telling him I had never seen anything like that, and I would be curious, if he would show it to me. I said, would he mind, he responded by unsnapping his pants and he unzipped them."