563 So.2d 824 (1990)
Felicia BLAIR, Appellant,
v.
STATE of Florida, Appellee.
No. 87-03264.
District Court of Appeal of Florida, Second District.
July 6, 1990.
James Marion Moorman, Public Defender and Kevin Briggs, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
*825 RYDER, Acting Chief Judge.
Felicia Blair challenges the trial court's order denying her motion to suppress the cocaine found on her. Because we hold that the police officer had no founded suspicion to detain and search Blair, we reverse.
Blair was charged with possession of cocaine. She filed a motion to suppress, arguing that an illegal search uncovered the seized cocaine. The trial court denied this motion. Blair entered a no contest plea reserving the right to appeal the motion to suppress. The trial court adjudicated Blair guilty and sentenced her to two years of community control.
On March 31, 1987, Officer David Livingston stopped a motor vehicle for speeding. Blair was a passenger in the car. When the driver failed to produce the registration for the vehicle, Livingston asked for permission to search the automobile. The driver consented to the search. All occupants of the vehicle were ordered to exit the car. As Blair got out of the automobile, Livingston noticed a bulge in the front of her pants. Livingston found no contraband in the car.
After searching both male occupants of the car, Livingston read Miranda rights to Blair and explained the interdiction program to her. Livingston later testified that he did not believe that Blair was armed or dangerous and added that he did not ask for Blair's consent to a search of her person. Livingston testified he told Blair, "If you have rock cocaine, go ahead and pull it out." He further advised Blair that if she did not pull the cocaine out, he would have a female officer search her. After Livingston asked Blair to explain the bulge in her pants, she pulled out two bags containing cocaine.
In order for the temporary detention of Blair to be lawful, the officer must have a "founded" suspicion of criminal activity. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Livingston found no contraband in the stopped vehicle or on the other occupants. A "bare" suspicion of illegal activity cannot support a stop. Freeman v. State, 433 So.2d 9 (Fla. 2d DCA 1983). Livingston did not have a "founded" suspicion that Blair was involved in criminal conduct, possessed a weapon or was, in fact, dangerous. Thus, the detention of Blair after searching the car was illegal.
Livingston's conduct in demanding Blair to pull the cocaine out of her pants constituted a search. See Wallace v. State, 540 So.2d 254 (Fla. 4th DCA 1989). The situation confronting Livingston had stabilized, and he did not feel he was in danger, therefore, he had no probable cause to conduct a search. Thomas v. State, 533 So.2d 861 (Fla. 2d DCA 1988). Observing the bulge in Blair's pants does not amount to probable cause which would justify a search. See Gray v. State, 550 So.2d 540 (Fla. 4th DCA 1989). Because Livingston had no probable cause to search Blair and she did not consent to the search, the cocaine was illegally seized. The judgment and sentence are reversed and set aside and the case is remanded for entry of an order granting the motion to suppress and for further proceedings consistent with this opinion.
Reversed and remanded.
HALL and ALTENBERND, JJ. concur.