588 So.2d 330 (1991)
Randall Fee ROPER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1934.
District Court of Appeal of Florida, Fifth District.
November 7, 1991.
*331 John P. Grier, Melbourne Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Randall Fee Roper entered a plea of no contest to the charges of possession of cannabis and possession of drug paraphernalia, and he reserved the right to appeal the denial of his motion to suppress. Evidence of the controlled substance and paraphernalia were discovered in his home pursuant to a search warrant. Roper contends that the search warrant is defective and we agree.
The affidavit of probable cause underlying the issuance of the search warrant was based upon statements made to the police by Jennifer Garrett. The following are facts known by the police prior to execution of the affidavit:
(1) During the early morning hours of December 9, 1989, Jennifer appeared at the Melbourne Beach Police Department to file a complaint against Roper for beating her.
(2) In addition to filing a battery affidavit, Jennifer executed an affidavit indicating that she had seen Roper smoke pot; that he kept a container full of the substance in a dining room hutch for his personal use; that he kept a larger "stash" of between one-half to one pound in a gallon zip-lock baggie in "one of the garages;" that she had lived with him for over a year; that she had seen the "stash" the previous evening; and that she had seen Roper smoking about two or three joints just before he had beaten her.
(3) Jennifer had used pot and recognized the substance.
(4) Jennifer apparently was motivated to tell the police about the pot because she had just ended her relationship with Roper and felt a strong need to make the report without reward.
(5) A background check on Jennifer Garrett revealed no criminal history, but no background check was made using her maiden name of Mason.
(6) The police officer to whom Jennifer reported these facts had been involved in a search of Roper's house several years before Jennifer's report, but the case against Roper had been dropped.
*332 The affidavit of probable cause presented to the issuing magistrate stated the following:
Within the last twelve hours the affiant was approached freely and voluntarily by Ms. Jennifer M. Garrett which was at the police station making a complaint. She advised this officer that she knew of approximately one pound of cannabis at 506 Banyan Way and that she has seen it less than eight hours before. She also informed this officer that she has used cannabis herself and so recognizes it. She stated that she watched him smoke heavily most nights. She has stated that she has seen Randy Roper take a one gallon zip lock bag over half full from the garage area and fill a smaller container for his everyday use.
Ms. Jennifer Garrett's motivation is that she has just ended a relationship with Randy Roper and she feels a strong need to report this incident. She has not asked or solicited anything from the affiant or the Melbourne Beach Police Department. The affiant believes that Ms. Garrett is to be of good moral character and a background check has revealed no criminal history. After extensive interview, this affiant believes Ms. Garrett is being truthful and also believes there is sufficient basis of belief and reliability for the issuance of a search warrant for [Roper's residence].
In denying the motion to suppress, the trial court relied upon Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In Gates, the Supreme Court expressed a willingness to accept information supporting issuance of a search warrant from an informant who is an "unquestionably honest citizen" and who would be subjected to criminal liability for fabricating information about criminal activity. 462 U.S. at 233-34, 103 S.Ct. at 2330, citing Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). The Supreme Court found rigorous scrutiny of the basis of an unquestionably honest citizen's knowledge unnecessary. Id. The inquiry about an individual's veracity is "satisfactorily answered by a mere showing that the informant was an ordinary citizen, an eyewitness, a disinterested bystander, or a victim of a crime." State v. Novak, 502 So.2d 990, 992 (Fla. 3d DCA), rev. denied, 511 So.2d 299 (Fla. 1987). Roper argues that Jennifer does not qualify as an honest citizen under Gates. He argues that she is an "informant" and that therefore her information should have been corroborated independently and the corroboration included in the probable cause affidavit.
The facts in the affidavit of probable cause do not support the state's position that Jennifer qualifies as an "unquestionably honest citizen" whose statement would be subject to less rigorous scrutiny. The facts do not indicate that Jennifer fit any of these categories described in Novak. The affidavit merely shows that she walked into the police station to make a complaint of an unknown nature against an unknown person and while there accused Roper of possessing cannabis. Nothing in the affidavit indicates Jennifer's motivation for making the report except the cryptically put information that she had just ended a relationship with Roper. This fact does not show that she is disinterested in the matter. If anything, it might tend to show the opposite  a possibly vindictive motivation. The affidavit did not show that Jennifer had lived with Roper for over a year or that she had sworn to an affidavit regarding her allegations that Roper possessed drugs. Since the affidavit did not demonstrate that Jennifer was an ordinary citizen reporting a crime, she must be classified as an informant whose veracity, reliability, and basis of knowledge must be shown by facts contained in the affidavit.
Under Gates, the sufficiency of an affidavit for a search warrant must be determined based upon the totality of the circumstances, and this test does not make irrelevant the informant's veracity and reliability:
The "totality of the circumstances test" does not discard entirely the necessity for determining the veracity or reliability of the informants and their information; on the contrary, such an inquiry is still an integral part of the totality of the *333 circumstances that must be considered, although it is no longer necessarily conclusive.
Yesnes v. State, 440 So.2d 628 (Fla. 1st DCA 1983). "An informant's `veracity,' `reliability,' and `basis of knowledge' are all highly relevant in determining the value of an informant's report." Gates, 462 U.S. at 231, 103 S.Ct. at 2328. "[These factors] should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is probable `cause' to believe that contraband or evidence is located in a particular place." Id.
In Massachusetts v. Upton, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984), an informant who would not identify herself informed the police by telephone that she had just "broken up" with her boyfriend and wanted to "burn him." Based on her information, a warrant was issued to search the boyfriend's premises for stolen property. He moved to suppress the evidence obtained during the search, contending that the warrant did not show probable cause. The Massachusetts court reversed the denial of his motions to suppress and held that the informant "was not a `tried and true' informant, her statement was not against penal interest, and she was not an `ordinary citizen' providing information as a witness to a crime." Further, it held that there was insufficient corroboration of her tip. Massachusetts v. Upton, 466 U.S. at 731, 104 S.Ct. at 2087, citing Commonwealth v. Upton, 390 Mass. 562, 458 N.E.2d 717 (1983). The Supreme Court reversed, reasoning that the facts in the affidavit "fit neatly together" and supported the magistrate's conclusion that there was a fair probability that contraband would be found in the object of the search, a motor home.
Unlike the affidavit in the instant case, the affidavit in Upton revealed additional facts that corroborated the informant's information. The affidavit made the magistrate aware that the informant knew about the recent police raid of a motel room in connection with some of the stolen goods and that the informant knew who had rented the room. Further, the informant's description of the goods tallied with items taken in a burglary. The totality of circumstances, which included statements by the informant consistent with facts known by police, an explanation for the presence of some of the stolen items in the boyfriend's home, an explanation for the informant's wish to remain anonymous, and a motive for making the report, that is, her desire to "burn" the defendant, showed a fair probability that contraband would be found on the premises described.
In the instant case, the affidavit tended to show that Garrett's basis of knowledge was personal observation, but there was no showing of veracity or reliability. The affidavit was bereft of facts that could be fitted "neatly together" to comprise a totality of circumstances evincing a fair probability that marijuana would be found on the premises. As previously pointed out, the affidavit shows merely that Jennifer walked into the police station to make a complaint. While there, the affidavit relates, she accused Roper, with whom she had just ended a relationship of an unstated sort, of possessing marijuana. Our task on review is to determine whether "the Magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing." Gates, 462 U.S. at 237, 103 S.Ct. at 2331. We hold that the facts in the probable cause affidavit submitted to the magistrate did not contain a substantial basis for the issuance of the warrant.
We further hold that an officer would not "manifest objective good faith in relying on a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."[1]United States v. Leon, *334 468 U.S. 897, 923, 104 S.Ct. 3405, 3421, 82 L.Ed.2d 677, rehearing denied, 468 U.S. 1250, 105 S.Ct. 52, 82 L.Ed.2d 942 (1984); State v. Van Pieterson, 550 So.2d 1162 (Fla. 1st DCA 1989); Vasquez v. State, 491 So.2d 297 (Fla. 3d DCA), review denied, 500 So.2d 545 (Fla. 1986). Accordingly, we vacate the judgment, reverse the order denying suppression of the evidence obtained through the execution of the search warrant, and remand with instructions to discharge Roper as to the charges of possession of cannabis and drug paraphernalia, the charges considered in this appeal.
REVERSED and REMANDED.
GOSHORN, C.J., and DAUKSCH, J., concur.
NOTES
[1] We note that the affidavit did not reveal to the judge issuing the warrant the fact that Jennifer appeared in the police station in the early morning hours with the report that Roper had been beating her. Had the judge been aware of the circumstances surrounding Jennifer's appearance at the police station, the judge might have concluded that she was other than disinterested. See State v. Van Pieterson, 550 So.2d 1162 (Fla. 1st DCA 1989).