620 So.2d 802 (1993)
STATE of Florida, Appellant,
v.
Mac Dale EVANS, Appellee.
No. 92-03421.
District Court of Appeal of Florida, Second District.
June 23, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ann P. Corcoran, Asst. Atty. Gen., Tampa, for appellant.
James S. Bendza and Ronald G. Rice, Jr., Naples, for appellee.
ALTENBERND, Judge.
The state appeals an order granting Mac Dale Evans' motion to suppress evidence. We reverse.
On April 18, 1992, a person in Bonita Springs told a deputy sheriff from the Lee County Sheriff's Office that a quantity of marijuana would be transported from a particular residence. The trial court's order erroneously describes this informant as an anonymous tipster. The deputy testified that this person approached him in person and identified himself. In addition to the information the informant provided in this face-to-face encounter, he also called the deputy over the telephone with additional information. The parties admitted at oral argument that the identity of this citizen was known to the deputy at the time the citizen provided the information. Thus, the informant is anonymous only in the sense that his name has not been disclosed in this record. For purposes of a motion to suppress, the evidence establishes that this individual is an identified informant whose reliability is untested.[1]
The informant provided the address of the house from which the marijuana was to be transported. A physical description of the house and of two cars that would be parked in front of the house was also provided. The informant believed that a white male named Mac Evans would leave the house in approximately thirty minutes, carrying at least a quarter pound of marijuana. The informant expected this man to *803 transport the marijuana to the vicinity of Naples in one of the cars.
Based on this information, a second deputy was sent to the address. He confirmed that a house and two cars matching the description were located at the address. A few minutes later, he observed a white male and a woman come out of the house and enter one of the cars. The man was carrying an unidentified package. The deputy followed the couple's car until it entered the interstate southbound toward Naples.
The second deputy described this information to the first deputy. They decided to make a Terry stop. The second deputy made the stop, and the first deputy arrived at the scene shortly thereafter. The woman, who was driving the car, was determined to be the registered owner. The deputies asked her for permission to search the car. She gave written consent for a search. During the search, the deputies located a large freezer-type plastic bag inside the passenger compartment. It contained 122.32 grams of marijuana, scales, and rolling papers.
The trial court suppressed this evidence based on the decision in United States v. Solomon, 728 F. Supp. 1544 (S.D.Fla. 1990). Although the facts in Solomon are somewhat similar to those in the present case, Solomon involved an arrest rather than a Terry stop. The arrest was based on an anonymous tip that predicted a transportation of drugs. Only innocent factual information from the tipster was corroborated before the arrest.
A few months after the decision in Solomon, the United States Supreme Court issued its decision in Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). The facts in White involve a Terry stop and a consensual search under circumstances very similar to this case. In White, however, the tip was provided by an anonymous tipster over the telephone, not by a known, but untested informant. The Supreme Court recognized that detailed factual information from an anonymous tipster may be insufficient to permit a Terry stop if that information is easily obtained and is not itself incriminating. It ruled, however, that the police could temporarily detain the occupants of a car if the police corroborated an anonymous tipster's prediction of future behavior which indicated that the informant had inside information.
We conclude that Mr. Evans' case is controlled by White, and by our decisions in State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979), approved, 387 So.2d 963 (Fla. 1980) and State v. Edwards, 547 So.2d 183 (Fla. 2d DCA 1989). See also State v. Cash, 595 So.2d 279 (Fla. 3d DCA 1992).
We recognize that the factual information provided by the informant in this case concerning the accused person and the location may be somewhat less detailed than that provided by anonymous tipsters in earlier cases. The predicted future behavior is quite similar to the predictions in White. Under the standard announced in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the totality of the circumstances includes consideration of the nature of the informant. A citizen who provides identification and presents information in person can be better evaluated by a police officer than an unknown voice over the telephone. Such an informant, under most circumstances, can be located after a stop to account for any deliberate false information. For purposes of a Terry stop, any slight weakness in the factual information provided in this case or in the predicted behavior is overcome by the fact that the information was provided by an informant whose identity was known and who provided the information in person. Cf. Cunningham v. State, 591 So.2d 1058 (Fla. 2d DCA 1991) (tip not sufficient to permit a nonconsensual search when tipster was anonymous and unknown). Under the totality of the circumstances, the deputies had a reasonable suspicion which permitted this investigatory stop.
Reversed and remanded.
FRANK, C.J., and FARNELL, CROCKETT, Associate Judge, concur.
NOTES
[1] Nothing in this record establishes that this informant was of the varieties sometimes referred to as the "unquestionably honest citizen" or the "victim-witness." See, e.g., Roper v. State, 588 So.2d 330 (Fla. 5th DCA 1991); 1 Wayne LaFave, Search and Seizure § 3.4 (2d ed. 1987).