629 So.2d 1043 (1993)
STATE of Florida, Appellant,
v.
Allen C. HADDEN, Appellee.
No. 93-01355.
District Court of Appeal of Florida, Second District.
December 29, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sue R. Henderson, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, Bartow, and Megan Olson, Asst. Public Defender, Bartow, for appellee.
PARKER, Judge.
The State of Florida appeals the trial court's order granting Allen C. Hadden's motion to suppress methamphetamine seized from Hadden. We conclude that the trial court erred by suppressing the evidence because under the totality of the circumstances the officers had a reasonable suspicion which permitted this investigatory stop.
The officer in this case received a phone call from a confidential informant. The confidential informant had worked with this officer for approximately six months and had provided reliable information at least twenty-five times which led to several possession arrests, as well as arrests in other criminal cases. While information received from a confidential informant must consist of enough details to provide the officers with reasonable *1044 suspicion to justify a stop, it does not fall under the same scrutiny as information received from an anonymous caller. See State v. Evans, 620 So.2d 802, 803 (Fla. 2d DCA 1993); State v. Edwards, 547 So.2d 183 (Fla. 2d DCA 1989).
In this case, the confidential informant provided the officer with the following information: the name of the person driving the car; that there was a passenger; a description of the car including the make, color, year, tag number; and the fact that the tag light was inoperable. The confidential informant also told the officer that the suspects would have the drug methamphetamine, which they picked up in Mulberry, and that the suspects were heading to Winter Haven via route 540A. Within an hour of the call, the officers checked the license number information, checked the driver's residence to be sure that the car was not at home, and then positioned themselves on route 540A to wait for the suspects. Within a few minutes, the officers spotted and stopped the car matching the description given by the confidential informant.
Both the driver and Hadden exited the car. The officer requested identification and ran a check on the driver. The computer results matched the information that the confidential informant had furnished to the officer. A K-9 unit conducted a search, and the officers arrested the driver for possession of marijuana. The officers then asked Hadden for identification. Hadden handed the officer his license which had a small clear bag stuck to the back. A narcotics' field test on the substance in the bag revealed that the bag contained methamphetamine, again confirming the information provided by the confidential informant.
We conclude that the information provided by the confidential informant gave the officers sufficient reasonable suspicion to justify the investigatory stop of the vehicle. When Hadden dropped the clear bag in plain view of the officer, this gave the officer probable cause to believe that Hadden was involved in criminal activity. See State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979), approved, 387 So.2d 963 (Fla. 1980). We, therefore, reverse the trial court's order suppressing the methamphetamine seized from Hadden and remand this case for further proceedings.
Reversed and remanded.
DANAHY, A.C.J., and ALTENBERND, J., concur.