PER CURIAM.
AFFIRMED. David S. Silva entered a plea of nolo contendere to the offense of possession of LSD,[1] specifically preserving his right to appeal the denial of his motion to suppress evidence. The sole issue in this case is whether there was probable cause to conduct a warrantless search. We hold there was and we affirm.
A confidential identified informant called the Citrus County Sheriffs office and reported that he had just seen the purchase of LSD. Two investigators went to his location and spoke to him about what he had seen. Because he was afraid to be seen with the two investigators, they put him in their car, which had tinted windows, so they could drive to a less conspicuous place to talk about what he had seen. He gave them a description of the man who had purchased the LSD, told them his name was “David,” and related that the LSD was in a plastic “baggie” type bag. With the confidential identified informant still in the car, the two investigators drove less than a half mile when they saw a *483 man lying along the side of the road inside a fence marked “No Trespassing.” The confidential informant identified the man lying down as “David.” The two investigators stopped and approached the man and tried to wake him. He appeared to be under the influence of alcohol, drugs, narcotics or a controlled substance. As they tried to talk with him, they observed á plastic bag sticking out of his shirt pocket. They removed the bag and observed a piece of paper they thought contained LSD. David Silva, the man lying on the side of the road, was arrested and charged with possession of LSD. A hearing was held on the motion to suppress and denied by the trial judge.
There were sufficient additional circumstances to establish probable cause to justify the warrantless search of Silva. Cf. Gray v. State, 550 So.2d 540 (Fla. 4th DCA 1989) (trooper who had consent to inspect the genital area of defendant had no probable cause to seize and search an opaque plastic bag discovered during the inspection). The two investigators met with the innocent confidential identified informant who'described: the crime, a drug sale; the name of the man who participated in the crime, “David”; the location of the crime; the type of container the drug was in, a plastic bag; and positively identified the man who committed the crime. When the two officers approached the man, he appeared to be intoxicated. Thus, the two investigators were able to independently verify facts which supported the observations of the confidential identified informant. These facts also helped establish his credibility. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Evans, 620 So.2d 802 (Fla. 2d DCA 1993); Roper v. State, 588 So.2d 330 (Fla. 5th DCA 1991). The totality of the circumstances, including the statements of the confidential informant and the investigator’s own observations, established probable cause for the search to seize the drugs. Gates, 462 U.S. at 238, 103 S.Ct. at 2332; Doctor v. State, 596 So.2d 442, 445 (Fla.1992) (evidence necessary to establish probable cause to search a defendant for drugs will depend upon the totality of the circumstances existing at the time of the search).
HARRIS, C.J., and COBB and THOMPSON,. JJ., concur.

. § 893.13(l)(f), Fla.Stat. (1991).