717 So.2d 1109 (1998)
Quincy WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 97-3169, 97-3239.
District Court of Appeal of Florida, Fifth District.
September 25, 1998.
James B. Gibson, Public Defender, and Stephanie H. Park, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Simone P. Firley, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, Judge.
The issue in this case is whether the trial court erred in not suppressing the evidence. Because we agree with the trial judge, we affirm.
An experienced narcotics officer had under observation a specific location known from previous arrests to be a site of frequent drug sales. From his vantage point, he observed appellant, a person known to the officer as one who hangs out on the streets and has been subject to various arrests, after looking around to assure himself that no one was watching, reach into his buttocks area under his pants and produce something from which he extracted something small which he handed to two persons who had approached him in exchange for something that the officer could not identify. After the exchange, appellant again looked around to see if anyone was watching and replaced his "stash" beneath his pants in his buttocks area. Based on this observation, appellant was searched and cocaine was found.
It is the position of appellant that since the officer could not testify that he could see either side of the hand-to-hand exchange well enough to identify either the drugs or the money, the officer lacked probable cause to conduct the search. Although there may be cases supporting this view, we disagree.
The officer clearly saw that a commercial exchange took place. Something was given for something else. A contract for the purchase and sale of something was consummated. It is not even necessary that the drugs have been exchanged for money. The officer saw the couple give appellant something that appellant considered acceptable in exchange for what he delivered. Did the officer have reason to believe that what appellant exchanged was illegal contraband? Consider: an experienced narcotics officer in a high drug area sees a furtive individual, well known as a street person, reach below his pants to his buttocks area, an area that the officer recognizes as a hiding place for contraband, and withdraws something from which he takes a small object which he then exchanges for something he considers of value from two people who approach him. Even though it may be possible that appellant *1110 was exchanging his unlisted telephone number, a number he truly wanted to keep private, for the business card of the couple, did not the officer have probable cause to believe otherwise?
Probable cause is so named for a reason. We are talking about probabilities and not certainty. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The officer need not actually see the law being violated nor must he satisfy himself beyond any reasonable doubt that a felony has been committed in order to have probable cause. See Revels v. State, 666 So.2d 213 (Fla. 2d DCA 1995). Here, the totality of the circumstances justified a probable cause search.
AFFIRMED.
THOMPSON and ANTOON, JJ., concur.