PER CURIAM.
The appellant was convicted and sentenced for possession of a firearm by a convicted felon. On this appeal, he argues that the trial court erred in denying his motion to suppress the firearm because it was discovered during an unlawful investigative stop and search of the automobile that he was driving. However, given the totality of the factual circumstances of this case, particularly the accuracy of the information supplied to the police by its documented confidential informant, we conclude that the police had reasonable suspicion to conduct an investigatory stop of the appellant’s vehicle. See Silva v. State, 641 So.2d 482, 483 (Fla. 5th DCA 1994); State v. Hadden, 629 So.2d 1043, 1044 (Fla. 2d DCA 1993); Hopkins v. State, 524 So.2d 1136, 1137-38 (Fla. 1st DCA 1988). Additionally, a preponderance of the evidence before the trial court sufficiently established that the appellant freely and voluntarily consented to a search of his vehicle once it was validly stopped by the police. See Reynolds v. State, 592 So.2d 1082, 1086 (Fla.1992); Thames v. State, 592 So.2d 733, 735-36 (Fla. 1st DCA 1992); State v. Fuksman, 468 So.2d 1067, 1068 (Fla. 3d DCA 1985). We therefore find no error in the trial court’s denial of the appellant’s motion to suppress.
Affirmed.