HARRIS, J.
Jenkins was the unfortunate passenger sitting on a golf cart being unlawfully driven the wrong way on a street. When the vehicle was stopped by Deputy Taylor, the officer noticed a cut-down Garcia cigar tube sitting on Jenkins’ lap. From its original size, the tube appeared to have been reduced to three to five inches and was capped at the end. Deputy Taylor testified as to his extensive training and experience in narcotics investigation. He testified that he had seen such cut-down cigar tubes on many earlier drug arrests and on each occasion such tubes contained crack cocaine. On no occasion did the tubes contain anything else. Officer Taylor took the tube from Jenkins’ possession believing crack cocaine was inside and voila, his training and experience proved worthwhile.
Jenkins’ motion to suppress was denied by the trial judge. We affirm. In Gray v. State, 550 So.2d 540 (Fla. 4th DCA 1989), the court held that at a hearing on a motion to suppress the search and seizure of an ordinary looking object, the State must prove through the officer’s testimony that, prior to the seizure, the officer reasonably believed the object contained contraband based on his or her knowledge gained through training and experience. Here, the officer testified the object (cutoff cigar tube) was not “ordinary looking” and that such cut-down version, in his experience, had always contained cocaine, We find probable cause for the search.
AFFIRMED.
DAUKSCH and COBB, JJ„ concur.