STRINGER, Judge.
The State challenges an order granting Larry Hillman’s motion to suppress cocaine seized during a consensual search. We reverse because the officers had a reasonable suspicion that justified the investigatory stop.
On April 28, 1998, Officer Heck received information from a known confidential informant who had been used and found reliable on approximately eight prior occasions. The informant said that he had been in the Kennel Club Bar and heard a black male known as “Step Daddy” and a white female talking about going up to North.Greenwood, a high crime area, to purchase cocaine. The informant said that the couple traveled north on Hillcrest and that they would be coming back the same way. The informant also described the car they were in. Officer Heck testified that he had personal knowledge of the identity of the person named “Step Daddy” and knew that the person was in fact appellee.
Officer Heck and Officer Horning parked at Hillcrest and Drew by an apartment building to watch for a car matching the informant’s description traveling north on Hillcrest. The officers observed the car, an older white Cadillac, with a black driver and white female passenger consistent with the information supplied by the informant. The officers waited on Hill-crest for the car to return, which it did *157 about fifteen minutes later. Once the officers determined that the car matched the informant’s description, they conducted an investigatory stop of the vehicle.
After they stopped the vehicle, Officer Horning asked appellee for his driver’s license and registration and noticed there were no keys in the ignition. Officer Horning asked appellee to step out of the car. Officer Horning then asked appellee if he owned the car, and appellee said he did and that he could start it without a key. After appellee produced his registration and Officer Horning reviewed it, Officer Horning gave everything back to ap-pellee telling him it looked like all was in order. Officer Horning then asked if ap-pellee had anything illegal on him. Appel-lee responded that he ,had nothing illegal on him or in his car and that the officers could search him and his car.
Officer Homing then proceeded to search appellee and found nothing on ap-pellee. However, Officer Horning had overlooked the hat appellee was wearing and asked appellee if he could search it. Appellee consented to the search and swung down his hat in a whipping motion. Officer Horning said he saw a piece of a white substance consistent with crack cocaine fall from the hat and land in the street. At that point appellee attempted to walk away. Officer Horning then grabbed appellee and placed him under arrest. Officer Horning tossed the hat onto the trunk of the car. When the hat landed, another piece of suspected crack bounced out. Appellee got loose from the officer, grabbed the piece on the trunk, and crushed it between his fingers and then threw it. A presumptive test on the crushed pieces responded positively. Ap-pellee was charged with possession of cocaine and tampering with physical evidence.
The trial court concluded that the informant in this case was a rehable confidential informant, and the search of appellee was consensual. However, the trial court suppressed the cocaine because the informant’s information related to a future act and did not show that appellee actually had purchased cocaine. We disagree.
Although the informant did not state that appellee was in actual possession of cocaine, the informant’s information showed that appellee planned to attempt to purchase cocaine and was likely to have cocaine in his possession in the immediate future. The attempted purchase of cocaine is itself a crime. Under these circumstances, we do not believe it was necessary for the informant to have observed appellee in actual possession of the cocaine.
“Whether the police have reasonable suspicion to stop a suspect based on information provided by an informant depends upon the credibility of the informant.” Maynard v. State, 742 So.2d 315, 316 (Fla. 2d DCA 1999). “It is well-established that a confirmed tip from an informant who has provided reliable information in the past provides reasonable suspicion to stop a person suspected of criminal activity.” Id. at 316-17.
In this case, the informant was a known confidential informant who had provided reliable information on approximately eight occasions in the past. The officers confirmed several details of the informant’s tip. Although the details that were confirmed were innocent in nature, “[a]n informant’s predictions of future innocent behavior can sometimes authorize the police to stop and search a car.” Clifford v. State, 750 So.2d 92, 93 (Fla. 2d DCA 1999). The only detail that the officers failed to confirm was that appellee actually purchased drugs in North Greenwood. We, however, conclude that given the details that were confirmed, the reliability of the informant, and the officer’s prior knowledge of appellee, the officers had a reasonable suspicion that criminal activity was afoot. See State v. Flowers, 566 So.2d 50 (Fla. 2d DCA 1990) (holding that where the police verify all the details of a confidential informant’s tip, except for the final *158 one of the commission of the crime, the detention and search based upon this information will be upheld because probable cause will have been furnished); see also State v. Hadden, 629 So.2d 1043 (Fla. 2d DCA 1993) (holding that investigatory stop was justified by corroboration of confidential informant’s tip). Furthermore, once appellee was legally stopped, he consented to the personal search and the search of his vehicle. Since consent to the search was given, probable cause was not necessary.[1] See State v. Angel, 547 So.2d 1294 (Fla. 5th DCA 1989) (holding that a determination of probable cause for a search is not necessary where police have sufficiently corroborated informant’s information in order to justify reasonable suspicion of illegal activity and detention under stop and frisk law).
Accordingly, we reverse the order granting the motion to suppress and remand this case for further proceedings consistent with this opinion.
Reversed and remanded.
PATTERSON, C.J., and NORTHCUTT, J., concur.

. Since appellee consented to the search in this case, we do not need to address the more problematic issue of whether the officers had probable cause to conduct a warrantless search of appellee or his vehicle without his consent.