780 So.2d 297 (2001)
The STATE of Florida, Appellant,
v.
Jose GIL, Appellee.
No. 3D00-2675.
District Court of Appeal of Florida, Third District.
March 21, 2001.
Robert A. Butterworth, Attorney General, and Jill K. Traina, Assistant Attorney General, for appellant.
Joaquin Perez, Sebring, and Gustavo-Garcia Montes, Miami, for appellee.
Before SCHWARTZ, C.J., and GODERICH and FLETCHER, JJ.
*298 GODERICH, Judge.
The State appeals from an order granting the defendant, Jose Gil's, motion to suppress evidence. We reverse.
Detective David Kosloske of the Miami Dade Police Department, Narcotics Bureau, received information from an untested confidential informant that he had known for a short period of time. The confidential informant told the detective that he had bought cocaine from the defendant several different times and that he thought it would be possible to do so again. The confidential informant accompanied the detective in his car and pointed out the defendant's residence, identified the defendant's blue Nissan Pulsar as the one he usually drives, and gave a general description of the defendant. The detective reported this information to his supervisor, Sergeant Raul Martinez, who ordered an operation.
On January 21, 2000, Sergeant Martinez stayed with the confidential informant a few miles away from the defendant's house. The sergeant monitored the confidential informant's end of the phone conversations with the defendant. The confidential informant called the defendant and told him that he needed to "order two." The confidential informant hung up and told the sergeant that the defendant was shopping at Costco and that he would be home in about an hour. The confidential informant waited an hour and made a second phone call. The sergeant heard the confidential informant instruct the defendant to "deliver the two to the gas station." The confidential informant indicated that the defendant knew where the gas station was, as he had been there on prior occasions, and that it would take him about twenty minutes to get there.
Meanwhile, Detective Kosloske maintained surveillance on the defendant's house. When the detective arrived, the blue Nissan Pulsar was not there, so the detective waited. He was called by the sergeant and told that the defendant was shopping and that he would be home shortly. After the confidential informant's second phone call to the defendant, the detective was instructed that the defendant would stop by the house to pick up the cocaine. About twenty minutes later, the defendant pulled up in' his blue Nissan Pulsar accompanied by a woman. The defendant unloaded patio furniture from his hatchback and went into the house with the woman. Ten minutes later, the defendant exited the house alone. The detective did not see anything in the defendant's hands. The defendant got in the car, but before he started it, he reached around and did something in the area of the rear seat. The defendant left, and the detective notified his sergeant that the car was headed westbound.
Detective Jeffrey Brown of the Miami Dade Police Department, Narcotics Bureau, in plain clothes in an unmarked vehicle, followed the defendant and continuously reported his position. When a marked unit pulled in behind the defendant and another detective pulled in front of the defendant, Detective Brown pulled alongside the defendant's car and boxed him in. The marked unit activated its lights and Detective Brown noticed the defendant reaching around to the back seat before he pulled over.
Fifteen minutes later, K 9 Officer Abrom Douglas, Jr., arrived. The dog indicated the odor of narcotics or drugs present on the defendant's hands and under the back seat of the car. Officer Douglas lifted the backseat and found a bag containing two ounces of cocaine. The defendant was read Miranda warnings and arrested.
The defendant filed a motion to suppress physical evidence arguing that the officers lacked a reasonable suspicion to justify the detention and search of the vehicle because the tip they acted on came from an untested confidential informant. Although the State stipulated that the confidential informant's reliability was untested, the State argued that because he was present *299 with the police when the defendant was arrested, his reliability was greater than that of a "mere tipster." The State then presented the testimony of Detective Kosloske, Sergeant Martinez, Detective Brown, and Officer Douglas.
After hearing the testimony and the arguments of counsel, the trial court indicated that this was a close case but concluded that there was no reasonable suspicion because the police did not let the situation get far enough. The trial court stated that the police should have waited until the defendant got to the gas station so that there could be further indicia of reliability. The trial court granted the motion to suppress. The State appeals.
The State contends that the trial court erred by granting the defendant's motion to suppress evidence because the investigatory stop was justified by a founded suspicion. The State further argues that although the informant's reliability was untested, the information he gave the police officers carried enough indicia of reliability to justify the investigatory stop. We agree.
Police may stop and investigate a motor vehicle when there is a "founded suspicion" of criminal activity in the mind of the police officer. "A `founded suspicion' ... has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in light of the officer's knowledge."
Kehoe v. State, 521 So.2d 1094, 1095-96 (Fla.1988)(quoting State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978)) (citations omitted). Further, "[t]o determine if there were ample grounds to give the police officers a founded suspicion of criminal activity, we look at the cumulative impact of the circumstances perceived by the officers." Kehoe, 521 So.2d at 1096.
A distinction is drawn between a true anonymous tip and the situation where there is a specific confidential informant whose reliability has not been determined. State v. Miranda, 701 So.2d 424, 425 (Fla. 3d DCA 1997). Clearly, when an informant comes forward personally to give information that is immediately verifiable at the scene, that information is more reliable than any received via an anonymous phone tip. Miranda, 701 So.2d at 425. Although an unverified tip from an untested informant may be insufficient to justify an arrest or a search warrant, if the tip itself carries sufficient indicia of reliability, it may justify an investigatory stop. Miranda, 701 So.2d at 425; State v. Evans, 620 So.2d 802 (Fla. 2d DCA 1993).
In the instant case, the police officers received a tip from an untested confidential informant. However, the informant came forward personally to give the information, the information was immediately verifiable at the scene, and the informant remained with the sergeant throughout the operation. The informant's tip included a general description of the defendant, his house, and his car. These descriptions were accurate. Further, the information obtained by the sergeant from listening to the confidential informant's conversation with the defendant matched the events that occurred. Those included the time the defendant returned to his house, the fact that he arrived with patio furniture that he had apparently just purchased, and the fact that the defendant drove towards the gas station. Moreover, the defendant's behavior in entering the house, remaining about ten minutes, then exiting the house, getting into the car, placing something in the backseat, and driving towards the gas station was consistent with information relayed by the informant to the sergeant wherein the defendant indicated that he would get the cocaine from his house and take it to the gas station. On this basis, we conclude that the confidential informant's tip carried sufficient indicia of reliability to create a founded suspicion on the part of the police officers to justify an investigatory stop.
Accordingly, we reverse the trial court's order granting the defendant's motion to *300 suppress and remand for further proceedings consistent with this opinion.
Reversed and remanded.