798 So.2d 880 (2001)
Brad DIAL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4167.
District Court of Appeal of Florida, Fourth District.
November 7, 2001.
*881 Evelyn A. Ziegler, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Thomas C. Mielke, Assistant Attorney General, Fort Lauderdale, for appellee.
TAYLOR, J.
Appellant, Brad Dial, was charged by information with possession of counterfeit bills. Appellant filed a motion to suppress, contending that the search warrant which led to discovery of the bills was improperly issued. He entered a plea of no contest to the charge, reserving the right to appeal the denial of his motion to suppress. We reverse.
Appellant was arrested when City of Greenacres police officers found counterfeit bills while executing a search warrant at his residence. The officers based their probable cause affidavit for the warrant on statements made by appellant's thirteen-year old daughter or stepdaughter.[1] At the hearing on appellant's motion to suppress, Officer Ronald Carhart testified that appellant's daughter came to the Greenacres Police Department complaining that appellant had physically abused her. Sergeant Orlando, who also met with the daughter, testified that he did not observe any signs of physical abuse. Both officers acknowledged that no child abuse charges were ever filed against appellant. The young girl then started to talk about appellant's involvement with counterfeit money. She told the officers that appellant and her aunt's boyfriend were counterfeiting money in the attic of their home with a color copier. She also reported that they sold marijuana and stored it in various places in their home.
The daughter testified that at the time of her visit to the police station, she was having problems at her middle school. Appellant and her aunt had been meeting with her teachers about her conduct. The day before her visit to the police department, the young girl had gotten into trouble for skipping class. That evening appellant scolded her and placed her on restrictions. She was angry about the restrictions and told the officers that she no longer wanted to live with appellant.
Sergeant Orlando testified that after meeting with appellant's daughter he called an assistant state attorney for advice on how to proceed. The assistant state attorney instructed him to have the girl go back to the house and get some counterfeit money or marijuana to corroborate her story. Orlando also contacted the United States Secret Service, who confirmed *882 that money could be counterfeited on a color copy machine. The Secret Service was unwilling to get involved without some tangible evidence. Acting upon the assistant state attorney's advice, Orlando devised a plan for the girl to go into the house and obtain some contraband. The plan did not succeed, however, because after officers searched her and sent her into the home, she returned empty-handed, saying she was interrupted by someone in the home.
The officers testified that they first met appellant's daughter when she came to the station to report that appellant had hit her. The daughter had never before been used by the Greenacres Police Department as a confidential informant and, as far as the officers knew, she had never served as an informant for any other law enforcement agency. She had not previously furnished reliable information to the Greenacres police. Carhart acknowledged that they had no other information concerning illegal activity at appellant's home. The officers did not run a juvenile records check on the girl or take any steps to ascertain the owner of the property or confirm that she and appellant actually lived there.
In the affidavit of probable cause presented to the issuing magistrate, the officers identified the source of the information as "a confidential informant." The affidavit stated that the informant was currently residing in the home and had been living there for about fourteen months. It recited the detailed information she gave concerning her personal observations of the counterfeiting and drug operation. However, the affidavit contained no allegations concerning the informant's veracity or corroborating information based on the officers' independent investigation. Moreover, it did not include the officers' failed attempt to corroborate the information by having the daughter go into the house to retrieve evidence. More important, the affidavit failed to mention that the "confidential informant" had a familial relationship with appellant and that she had first reported child abuse.
In determining whether probable cause exists to justify a search, the trial court must make a judgment, based on the "totality of the circumstances," as to whether the information given indicates a fair probability that contraband will be found at a particular place and time. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Peterson, 739 So.2d 561, 564 (Fla.1999). Under Gates, an informant's "veracity" and "basis of knowledge" are among the factors to be considered in assessing the reliability of an informant's information. See Vasquez v. State, 491 So.2d 297, 299 (Fla. 3d DCA 1986).
The state, in arguing that the issuing magistrate properly found probable cause, centers its discussion on the informant's "basis of knowledge." The state submits that the informant's basis of knowledge was amply demonstrated by the factual allegations within the four corners of the affidavit concerning (1) the length of time that the informant had lived in the residence; (2) her opportunity to observe firsthand the counterfeiting and drug sale operations; (3) her current presence in the home and recent observation of contraband there; and (4) the high degree of detailed information she provided.
However, as appellant points out, while the affidavit included the informant's basis of knowledge, it contained no facts or circumstances regarding the informant's veracity. The information, though detailed, nonetheless came from an individual whose reliability was previously untested and whose credibility could not be presumed. Indeed, the facts in this case show that the informant/daughter was not a "citizen *883 informant," entitled to a presumption of credibility. Thus, the information she supplied to the police needed to be independently corroborated to support probable cause. See Gates, 462 U.S. at 233-34, 103 S.Ct. 2317.
In Roper v. State, 588 So.2d 330 (Fla. 5th DCA 1991), cited by appellant, the probable cause affidavit underlying the search warrant was based on statements made to the police by the defendant's girlfriend. The girlfriend had just ended her relationship with the defendant. She went to the police department to file a domestic violence complaint against him. While there, she went on to inform the police of the defendant's marijuana possession. A warrant was issued and the subsequent search resulted in a possession of marijuana charge. The fifth district held that the search warrant failed in that there was no showing of veracity or reliability and the facts in the affidavit did not contain a substantial basis for issuance of the warrant. Id. at 333. The facts did not indicate that the informant was an unquestionably honest citizen such that her statements could be subjected to a less rigorous scrutiny for veracity. Further, the affidavit failed to disclose circumstances that tended to show a possible vindictive motivation. The court concluded that since the affidavit did not demonstrate that she was an ordinary citizen reporting a crime, she had to be classified as an informant whose veracity, reliability, and basis of knowledge must be shown by facts contained in the affidavit. Id. at 332.
Similarly, in this case, the circumstances did not indicate that the informant was simply an "honest, disinterested citizen" reporting a crime and lacking a motive to make false allegations against the suspect. The informant in this case, having lived in a familial relationship with appellant and having appeared at the police station to initially report child abuse, did not qualify as a citizen informant. Thus, her reliability needed to be verified or corroborated by facts contained in the affidavit. Here, the affidavit failed to furnish such facts and was thus deficient in providing a substantial basis for concluding that probable cause existed for the search warrant. We therefore reverse the order denying appellant's motion to suppress and remand for further proceedings.
REVERSED and REMANDED.
POLEN, C.J., and STEVENSON, J., concur.
NOTES
[1] At the time of her statements to the police, the daughter believed appellant was her biological father; she later found out that he was not.