944 So.2d 448 (2006)
John BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-214.
District Court of Appeal of Florida, Fifth District.
November 17, 2006.
Rehearing Denied December 20, 2006.
*449 Valerie Masters, of Valerie Masters, P.A., West Palm Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
After the denial of his motion to suppress, appellant entered a no contest plea to one count of trafficking in methamphetamine. He reserved the right to appeal the denial of his motion. We affirm appellant's conviction.
The evidence presented at the hearing on appellant's motion to suppress can be summarized as follows. Several law enforcement agents were effecting an arrest on one Daniel Farah for the sale of methamphetamine. The arrest took place near midnight at Farah's girlfriend's residence in a trailer park. While the arrest was being effected, an unidentified male called Farah on his Nextel two-way radio. Although the message was garbled, one of the officers heard the caller reference "2 o's"street language for two ounces. After the call was completed, Farah advised the officers that the caller was in route to deliver two ounces of methamphetamine to Farah. He described the caller as a heavy-set, white male with a beard. He described the caller's vehicle as a silver or gray full-size SUV Bronco-type with loud exhausts. Approximately 45 to 60 minutes later, appellant pulled up in a vehicle directly in front of Farah's girlfriend's trailer. Farah's description of appellant and appellant's vehicle was completely accurate. Appellant was directed by the officer to exit the vehicle. The officer then asked appellant for permission to search him. In response, appellant "kind of shrugged his shoulders." The officer then searched appellant and found methamphetamine in one of appellant's pockets.
The trial court did not determine whether or not appellant's shrug supported a finding that appellant consented to a search. We find it unnecessary to address this issue because we find the officer had probable cause to search appellant.
*450 A law enforcement officer has probable cause to make a legal arrest if the officer has reasonable grounds to believe the person has committed a felony. A standard of conclusiveness and probability is less than that required to support a conviction. The question of probable cause is viewed from the perspective of a police officer with specialized training and takes into account the "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Bryant v. State, 901 So.2d 810, 826 (Fla.2005). Whether an officer has sufficient probable cause to believe a suspect is carrying illegal contraband will depend on the totality of the circumstances. See State v. Bellamy, 723 So.2d 402 (Fla. 5th DCA 1999); Williams v. State, 717 So.2d 1109 (Fla. 5th DCA 1998).
Here, the totality of the circumstances supports a finding that the officer had probable cause to believe appellant was in possession of methamphetamine. Although Farah had not been established to be a "reliable" informant, most of the information he provided to the officers was able to be independently verified prior to the search. See Silva v. State, 641 So.2d 482 (Fla. 5th DCA 1994); State v. Maya, 529 So.2d 1282 (Fla. 3d DCA 1988).
AFFIRMED.
PLEUS, C.J. and LAWSON, J., concur.